**ALDRIDGE PITE, LLP**
Timothy R. Pomeroy (SBN 2405059)
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-Mail: tpomeroy@aldridgepite.com

Attorneys for NATIONSTAR MORTGAGE LLC (erroneously named as Nationstar Mortgage d/b/a Mr. Cooper and Rushmore Servicing, LLC); CLEAR RECON CORP; and ALDRIDGE PITE, LLP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| Timothy L, Bradley,<br><br>Plaintiff,<br><br>vs.<br><br>Nationstar Mortgage LLC doing business as Mr. Cooper and Rushmore Servicing; Clear Recon Corp; Elizon Master Participation Trust 1; US Bank Trust National Association Owner Trustee; Aldridge Pite, LLP; John and Jane and Does 1-10,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BASED ON DIVERSITY AND FEDERAL QUESTION JURISDICTION**<br><br>**[28 U.S.C. §§ 1331 & 1332]**<br><br>(Superior Court for the State of Alaska, First Judicial District, Case No. 1JU-24-00797CI)<br><br>Complaint Filed: September 12, 2024<br>Trial Date: None |

**TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD**:

Defendants NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("Nationstar", erroneously named as Nationstar Mortgage d/b/a Mr. Cooper and Rushmore Servicing, LLC); CLEAR RECON CORP; and ALDRIDGE PITE, LLP, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby removes this action from the Superior Court for the State of Alaska, First Judicial District, to the United States District Court for the District of Alaska, and states as follows:

## I. STATEMENT OF THE CASE

1. On August 30, 2024, an action was commenced in the Superior Court for the State of Alaska, First Judicial District, styled *Timothy L. Bradley v. Nationstar Mortgage, LLC, et al.*, Case No. 1JU-24-00797CI ("State Court Action"). While the Complaint (Complaint or Compl.) was never properly served, an amended Complaint (FAC) followed

less than two weeks later on September 12, 2024. A copy of the complaints, service of the FAC and the case docket from the State Court Action is attached hereto as part of **Exhibit 1**.

2. Plaintiff Timothy Bradley ("Plaintiff") asserts the following causes of action in his FAC: (1) Quiet Title; (2) Declaratory Relief; (3) Temporary Restraining Order; (4) Permanent Injunction; and (5) Other Relief. While not properly plead, Plaintiff's FAC also appears to bring causes of action for (6) 'illegal foreclosure' (FAC, page 1, line 18), (7) 'Truth in Lending Act' (FAC, page 3, lines 17-18); (8) 'Real Estate Settlement Procedures Act' (FAC, page 3, lines 18-19); (9) 'Alaska Unfair Trade Practices and Consumer Protection Act (AS § 45.50.471, *et seq*.)' (FAC, page 3, lines 20-23); (10) apparent violations of a variety of Uniform Commercial Code ("UCC") provisions, (FAC, pages 4-6); (11) 'breach of contract' (FAC, page 26, line 4); (12) 'fraudulent conveyance' (FAC, page 26, line 17); (13) 'illegal foreclosure' (FAC, page 1, line 18); and (14) 'good faith' (FAC, page 27, lines 9-10).

## II. BASIS FOR REMOVAL JURISDICTION

### A. Diversity

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because Nationstar, a defendant in this action, is not a citizen of Alaska. Likewise, Clear Recon and Aldridge Pite, also defendants in this action, are not citizens of Alaska. As a result, the parties are completely diverse, and the amount in controversy exceeds $75,000.

4. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 (2005). The amount in controversy must also exceed $75,000. See 28 U.S.C. § 1332(a).

5. Plaintiff alleges he resides in Juneau, Alaska. (FAC, page 1, line 22.)

6. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." See 28 U.S.C. § 1332(c). For the reasons set

forth below, neither Nationstar nor Clear Recon nor Aldridge Pite is now, and was not at the time of the filing of the State Court Action, a citizen of the State of Alaska.

7. Nationstar is now, and ever since this action commenced, has been incorporated under the laws of the State of New York, with its principal place of business in Texas. Under the "nerve center test," a principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." See *Hertz Corp. v. Friend*, 559 U.S. 77, 92- 93 (2010) ("principal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Because Nationstar's corporate headquarters and executive offices are located in Lewisville, Texas, where its high level officers direct, control, and coordinate the Company's activities, Nationstar's principal place of business or "nerve center" is in Lewisville, Texas. Accordingly, Nationstar is, and has been at all times since this action commenced, a citizen of the State of Texas. Moreover, the Complaint concedes that Nationstar is a corporation with an address located at 800 State Highway 121 Bypass, Lewisville, TX 75067. (FAC., ¶8.) As a result, Nationstar is not now, and was not at the time of the filing of the State Court Action, a citizen of the State of Alaska for removal purposes.

8. Clear Recon is now and has, ever since the action commenced, been incorporated in California. Moreover, the Complaint concedes that Clear Recon is a corporation with an address located at 3333 Camino del Rio South, Suite 225, San Diego, CA 92108. (FAC., ¶7.) As a result, Clear Recon is not now, and was not at the time of the filing of the State Court Action, a citizen of the State of Alaska for removal purposes.

9. Aldridge Pite, LLC is now and has, ever since the action commenced, been incorporated in Georgia, with an address located at 3525 Piedmont Road, N.E., Suite 700, Atlanta, GA, 30305. As a result, Aldridge Pite is not now, and was not at the time of the filing of the State Court Action, a citizen of the State of Alaska for removal purposes.

**B. Federal Question**

10. A case arises under federal law where the vindication of a right under state law necessarily turns on some construction of federal law. *Franchise Tax Bel v. Construction Laborers Vacation Tr.*,463 U.S. 1, 9 (1983).

11. "[A]n action 'arises under' federal law 'if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.' " *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (quoting Hart and Wechsler's *The Federal Courts and the Federal System*, at 889 (2d ed. 1973)). Adjudication of Plaintiff s Complaint requires analysis and construction of federal law.

12. Plaintiff alleges a claim for violation of both TILA and RESPA. (FAC, ¶¶98, 116, 117. Specifically, Plaintiff alleges that he was mislead about the status of the loan and the foreclosure process by, amongst other things, Defendants failing to disclose the transfer of the loan and other 'servicing' violations.

13. This Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *E.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc*., 333 F.3d 923, 925 (9th Cir. 2003). Plaintiff's entire Complaint revolves around this same hypothetical, involving an alleged wrongful foreclosure. The Court should therefore extend supplemental jurisdiction over all of Plaintiff s state law claims.

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14. Removal of this action is timely. Nationstar, along with the other Defendants, received the summons and complaint by personal service on September 19, 2024.

15. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders on file served upon Nationstar in the State Court Action are attached hereto as Exhibit 1.

16. Written notice of the filing of this notice of removal will be given to Plaintiff.

17. A copy of this notice will be promptly filed with the Clerk of the Superior Court of the State of Alaska, First Judicial District.

## IV. CONCLUSION

18. By this notice of removal and the associated attachments, Nationstar does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Nationstar intends no admission of fact, law or liability by this notice, and expressly reserve all defenses, motions and/or pleas. Nationstar prays that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Nationstar receive all additional relief to which it is entitled.

*Respectfully Submitted*,

ALDRIDGE PITE, LLP

Dated: October 3, 2024 By: /s/ Timothy R. Pomeroy

TIM POMEROY
Attorneys for NATIONSTAR MORTGAGE LLC (erroneously named as Nationstar Mortgage d/b/a Mr. Cooper and Rushmore Servicing, LLC); CLEAR RECON CORP; and ALDRIDGE PITE, LLP