# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIMOTHY BRADLEY,

        Plaintiff,

  v.

NATIONSTAR MORTGAGE LLC, other Nationstar Mortgage LLC, d/b/a Mr. Cooper and Rushmore Servicing, *et al.*,

        Defendants.

Case No. 1:24-cv-00017-SLG

## **ORDER ON MOTION FOR RECONSIDERATION**

Before the Court at Docket 31 is a Motion for Reconsideration or Notice of Objection Regarding Service Findings filed by Plaintiff Timothy Bradley. For the reasons set forth below, the motion is DENIED.

## **BACKGROUND**

Mr. Bradley initially filed this action in state court.[1] On October 8, 2024, three Defendants filed a Notice of Removal in this federal court,[2] and the remaining Defendants subsequently filed a Notice of Consent to Removal.[3] On October 15, Mr. Bradley filed a Motion to Remand to State Court, asserting that the October 8 removal

---

[1] *See* Docket 2-1.

[2] Docket 2 (Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper and Rushmore Servicing; Clear Recon Corp; and Aldridge Pite, LLP).

[3] Docket 5 (Defendants Elizon Master Participation Trust 1 and the U.S. Bank Trust National Association).

was untimely because Defendants had received Mr. Bradley's initial complaint on September 3, 2024, and 28 U.S.C. § 1446(b) requires removal to be filed within 30 days of the defendants' receipt of the initial pleading.[4] Defendants opposed the motion to remand, maintaining that neither the Complaint, nor the Amended Complaint filed on September 12, 2024, were ever properly served on them.[5]

On December 2, 2024, the Court issued an order denying Mr. Bradley's motion to remand.[6] In that order, the Court explained that "[u]nder the applicable Alaska rule, service of process by mail is permitted, but it must be by 'registered or certified mail, with return receipt requested' and '. . . mailed for restricted delivery only to the party to whom the summons or other process is directed.'"[7] Here, the "USPS green card identifying the addressee as Aldridge Pite . . . was signed for by 'Jennifer M.' [and n]either the box for 'Certified Mail Restricted Delivery' nor for 'Registered Mail Restricted Delivery' is checked on the green card." The Court concluded that the September 3, 2024 delivery was not adequate service in conformance with Alaska law, and thus that removal had been timely.[8]

---

[4] Docket 9 at 1-2.

[5] Docket 18 at 2.

[6] Docket 26 at 4.

[7] Docket 26 at 3 (quoting Alaska R. Civ. P. 4(h)).

[8] Docket 26 at 4.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 2 of 9
Case 1:24-cv-00017-SLG   Document 35   Filed 12/27/24   Page 2 of 9

On December 6, 2024, Mr. Bradley filed a Motion for Reconsideration or Notice of Objection Regarding Service Findings.[9] In it, he challenges the Court's "determination that Defendants were not properly served and that service did not satisfy procedural requirements."[10] Among other things, he points to the fact that the Alaska Superior Court granted Mr. Bradley a Temporary Restraining Order ("TRO") on September 5, 2024, and contends that "[t]he TRO would not have been issued without sufficient evidence that service requirements had been met."[11] The Court did not request a response from Defendants.[12]

## LEGAL STANDARD

Local Civil Rule 7.3(h)(1) provides that a court "will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."

## DISCUSSION

The Court finds that Mr. Bradley fails to show reason for the Court to reconsider its previous order denying his motion to remand. Mr. Bradley does not assert any

---

[9] Docket 31.

[10] Docket 31 at 1.

[11] Docket 31 at ¶¶ 15-16.

[12] *See* L. Civ. R. 7.3(h)(3) ("No response to a motion for reconsideration may be filed unless requested by the court.").

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 3 of 9
Case 1:24-cv-00017-SLG    Document 35    Filed 12/27/24    Page 3 of 9

new material fact or intervening change in law,[13] and the Court does not find any manifest error of the law or fact in its prior order.

In his motion for reconsideration, Mr. Bradley points to the Alaska Superior Court order granting him a TRO on September 5, 2024.[14] Because "[t]he TRO would not have been issued without sufficient evidence that service requirements had been met," Mr. Bradley reasons, it represents an acknowledgment by the state court that service was adequately effectuated on September 3.[15]

However, sufficient notice for a TRO does not necessarily signify adequate service of process for purposes of determining the timeliness of removal. Service of process in state court is governed by Alaska Rule of Civil Procedure ("Alaska Rule") 4. Alaska Rule 4(h) describes the requirements that a plaintiff must follow to effectuate service by mail: the summons and complaint must be sent via "registered or certified mail, with return receipt requested," and "mailed for restricted delivery only to the party to whom the summons or other process is directed or to the person authorized under federal regulation to receive the party's restricted delivery mail." Service of a motion seeking injunctive relief, including TROs, is governed by Alaska Rule 65, not Alaska Rule 4. Alaska Rule 65 states that "[n]o preliminary injunction

---

[13] The Court notes that the state court TRO does not constitute a new material fact because, while Mr. Bradley did not discuss its significance in his initial motion to remand, he did attach it as an exhibit. *See* Docket 9; Docket 9-4. However, because the Court did not specifically discuss the TRO in its December 2 order, it will do so here.

[14] Docket 31 at ¶ 15; Docket 9-4 at 2.

[15] Docket 31 at ¶¶ 15-16.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 4 of 9

shall be issued without notice to the adverse party," but it allows a TRO to be granted "without written or oral notice to the adverse party . . . if . . . the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required."[16] A party is then bound by a TRO if they "receive actual notice of the order by personal service or otherwise."[17]

Here, Mr. Bradley's September 3, 2024 delivery did not constitute formal service of process sufficient to satisfy Alaska Rule 4, and the TRO order does not indicate otherwise. As previously noted, the September 3 attempt at service was not in compliance with Alaska law because it was not done by certified mail or restricted delivery.[18] In its order issuing the TRO, the Alaska Superior Court states that it had originally denied Mr. Bradley's motion for a TRO but that Mr. Bradley "explains in his motion to reconsider that he had in fact complied with those provisions [of Alaska Rule 65] requiring attempts to notify the opposing party. He also has submitted evidence of this. Therefore, the court finds that he has complied with [Alaska Rule] 65."[19] The Alaska Superior Court found that Mr. Bradley had adequately

---

[16] Alaska R. Civ. P. 65(a)(1), (b).

[17] Alaska R. Civ. P. 65(d).

[18] *See* discussion *supra* page 2.

[19] Docket 9-4 at 2.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 5 of 9
Case 1:24-cv-00017-SLG   Document 35   Filed 12/27/24   Page 5 of 9

"attempt[ed]" to notify the opposing party, which is sufficient notice pursuant to Alaska Rule 65 but insufficient service of process pursuant to Alaska Rule 4.

Formal service of process is required to trigger the 30-day removal deadline. 28 U.S.C. § 1446 governs procedure for removal of civil actions, and it requires that:

> [t]he notice of removal of a civil action . . . be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[20]

The Supreme Court has decisively interpreted this somewhat convoluted language to mean that the 30-day removal window will not begin running until after a party is formally served with a summons.[21]

Because Mr. Bradley did not formally serve Defendants on September 3, 2024 in compliance with Alaska Rule 4, the 30-day removal window did not begin to run on

---

[20] § 1446(b)(1).

[21] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 356 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") ("[T]he so-called 'receipt rule'—starting the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service—could, as the District Court recognized, operate with notable unfairness[.]"); *see also Lindfors v. State Farm Mut. Auto. Ins. Co.*, Case No. 3:20-cv-00178, 2021 WL 6125770, at *3 (D. Alaska Dec. 28, 2021). In so holding, the Supreme Court reversed the Eleventh Circuit's interpretation that the § 1446(b)(1) phrase "through service *or otherwise*" suggests that the clock begins to tick upon the defendant's receipt of a copy of the initial pleading without the need for formal service; instead, the Supreme Court noted that the phrase had been added to the statute to advance uniformity in states where service of summons could precede the filing of the complaint and where removal could thus expire before the defendant obtained access to the complaint. *Id.* at 349-51. In other words, the language was inserted to ensure that the complaint was received by the defendant prior to removal, not to do away with the requirement for formal service of process.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 6 of 9

Case 1:24-cv-00017-SLG   Document 35   Filed 12/27/24   Page 6 of 9

that date, and Defendants were therefore timely when they removed this action to federal court on October 8, 2024.

Mr. Bradley offers several additional arguments, none of which persuade the Court that its prior order was made in manifest error. Mr. Bradley asserts that any technical defects should not invalidate his September 3 attempt at service because "[c]ourts have consistently held that actual notice cures technical defects in service, particularly when a plaintiff demonstrates good faith and diligent efforts to notify the opposing party."[22] However, courts that discuss leniency with respect to technical service requirements do so in the context of deciding against the *dismissal* of a pro se litigant's complaint for failure to comply with those requirements.[23] Here, dismissal of the case is not at issue—instead, the question is whether Defendants have the right to remove the case to federal court—and thus the rationale of protecting a pro

---

[22] Docket 31 at ¶ 24. To support this, Mr. Bradley cites a Supreme Court case for its language that due process is satisfied when service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Docket 31 at ¶ 25 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). This language refers to the constitutional requirement of due process. Proper service of process must always comport with due process; in other words, due process is a requirement over and above the requirements of the federal rules, rather than a rationale that can be used to chip away at them. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) ("Even if facially permitted by [the Federal] Rule[s], a method of service of process must also comport with constitutional notions of due process.").

[23] *Borzeka v. Heckler*, 739 F.2d 444, 447 & n.2 (9th Cir. 1984) ("We . . . hold that failure to comply with Rule 4(d)(5)'s personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.") (in the context of these factors, noting further that courts "are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved"); *see also, e.g.*, *Humphrey v. Decker*, 173 F.R.D. 529, 531 (E.D. Wash. 1997).

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 7 of 9
Case 1:24-cv-00017-SLG   Document 35   Filed 12/27/24   Page 7 of 9

se litigant from dismissal for failure to comply with complex, technical requirements is not applicable.

Mr. Bradley also contends that Defendants acted in bad faith by "proceeding with the [foreclosure] sale and recording a deed despite actual notice and a TRO."[24] To the extent that Mr. Bradley is asserting that these alleged actions by Defendants constituted a waiver of service, they do not.[25]

Mr. Bradley next posits that Defendants waived the defense of insufficient service of process by failing to include it in their motion to dismiss.[26] However, waiver of service of process as a defense does not foreclose Defendants from raising it in response to Mr. Bradley's motion to remand. Federal Rule 12(b) provides that insufficient service of process can be offered as a "defense to a claim for relief," but the defense can be waived pursuant to Federal Rule 12(h) when it is not included in a Rule 12 motion or responsive pleading. By filing a motion to dismiss on October 24, 2024 and not referencing insufficient service of process,[27] Defendants waived their right to seek dismissal of this action due to insufficient service of process, but they are not precluded from "making clear that the condition precedent for beginning

---

[24] Docket 31 at ¶ 22.

[25] *See* Fed. R. Civ. P. 4(d) (discussing the requirements for waiver of service, which include a signed form in writing).

[26] Docket 31 at ¶ 31 (citing Fed. R. Civ. P. 12(h)(1)).

[27] *See* Docket 14.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 8 of 9

the thirty-day period for removal . . . – proper service – did not occur on" September 3, 2024 in response to Mr. Bradley's motion to remand.[28]

## CONCLUSION

For the foregoing reasons, Mr. Bradley's Motion for Reconsideration or Notice of Objection Regarding Service Findings at Docket 31 is **DENIED.**

DATED this 27th day of December 2024, at Anchorage, Alaska.

                                       */s/ Sharon L. Gleason*
                                       UNITED STATES DISTRICT JUDGE

---

[28] *See Edwards v. Prudential Life Ins. Co. of Am.*, Case No. C 07-05807, 2008 WL 11456116, at *3 (N.D. Cal. Jan. 7, 2008) ("[Plaintiff] argues that the [defendant] waived any objections based on defective service by participating in defendants' motion to dismiss. [Plaintiff] is correct that by joining in the 12(b)(6) motion, the [defendant] waived its right to challenge . . . service of process. But in arguing that improper service of the [defendant] excused it from joining in the notice of removal, defendants are not actually challenging . . . service of process. Rather, defendants are simply making clear that the condition precedent for beginning the thirty-day period for removal and for requiring the [defendant] to join in the notice of removal – proper service – did not occur on [the disputed date].").

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion for Reconsideration
Page 9 of 9

Case 1:24-cv-00017-SLG    Document 35    Filed 12/27/24    Page 9 of 9