Timothy L. Bradley
9010 Gee Street
Juneau, Alaska 99801
Phone: (907) 321-4441
Email: woodworkalaska@gmail.com

RECEIVED
JAN 0 1 2025
Clerk, U.S. District Court
Juneau, AK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Timothy L. Bradley, Plaintiff Pro Se | Case No.: 1:24-CV-00017-SLG |
| V. | |
| Nationstar Mortgage LLC, et al., Defendants | DECLARATION OF TIMOTHY L. BRADLEY in support of plaintiff motion to rescind and opposition of opposition to file second amended complaint |

**DECLARATION OF TIMOTHY L. BRADLEY**

1. I, Timothy L. Bradley, declare as follows:

2. I am the Plaintiff in the above-captioned matter. I make this declaration based on my personal knowledge and in good faith to clarify material discrepancies, omissions, and issues raised in the Defendants' filings and correspondence, specifically the declaration of Justin Balser and the

documents submitted therein, and to support my opposition to the Defendants' opposition of my motion to rescind and other filings in this matter.

## Notes and Correspondences

3. On April 10, 2024, I received correspondence from the Defendants via email, attached here as **Exhibit JJ**. This correspondence included a resolution letter and a copy of the promissory note associated with my mortgage.

4. The note attached to the April 10, 2024, correspondence is the same as the one referenced as **Exhibit 7** in Justin Balser's declaration in support of Defendants' motion to dismiss.

5. The note provided in the April 10, 2024, correspondence and referenced in Exhibit 7 includes the following key features:
    - It lacks collateral file holes.
    - It contains a special endorsement to Flagstar Bank "without recourse" by United Mortgage Corporation of America, located on the second page beneath my signature.
    - It includes an alleged attached allonge with a redundant special endorsement to Flagstar Bank.

6. On April 11, 2024, I replied to the April 10th correspondence via email, explicitly addressing discrepancies in the documents provided and raising concerns about their authenticity. I also noted the absence of any assignments by Mortgage Electronic Registration Systems (MERS), which the resolution letter had claimed were attached but were not included.

7. My reply further stated my intention to file suit if these discrepancies were not addressed. Despite this, in their June 27, 2024, correspondence, the Defendants claimed they could not locate my April 11th reply. This assertion is false, as my response was sent directly as a reply to their email.

8. On June 27, 2024, I received another correspondence from the Defendants, also attached here as **Exhibit JJ**. This correspondence included a resolution letter and a different version of the promissory note.

9. The note provided in the June 27, 2024, correspondence ( Exhibit O) includes the following features:
    - It contains an allonge with the same redundant special endorsement to Flagstar Bank.
    - It includes a newly attached "Pooling Page" referencing Fannie Mae.
    - It lacks collateral file holes.

10. In contrast, the note I submitted as **Exhibit P** differs significantly. My version has a cover page marked "Original," and includes collateral file holes, does not include the allonge with the same redundant special endorsement to Flagstar Bank.

11. These discrepancies among the three versions of the promissory note—the one provided on April 10, 2024, referenced in **Exhibit 7** of Justin Balser's declaration; the one provided on June 27, 2024, filed as **Exhibit O**; and the one I submitted as **Exhibit P**—raise significant questions about the authenticity, origin, and handling of the Defendants' documents.

12. The April 10, 2024, correspondence described the note as being verified by the Defendants' "collateral file team" and stated it contained the "wet-ink" signature. However, the June 27, 2024, correspondence changed the description, claiming all copies provided were "certified." Despite this claim, no certification documentation has been attached to any copy of the note throughout these proceedings.

**Deed of Trust**

12-30-24 Declaration of Timothy Bradley in support of motion to rescind and motion to file a SAC out of time
3 of 6

13. The April 10, 2024, correspondence also included a copy of the Deed of Trust. This version of the Deed of Trust, previously filed as **Exhibit T**, matches the version included in Exhibit 7 of Justin Balser's declaration.

14. Both versions of the Deed of Trust (my Exhibit T and Balser's Exhibit 7):
- Are unrecorded.
- Have collateral file holes.

15. However, the Deed of Trust submitted as **Exhibit 1** in the Defendants' judicial notice differs significantly:
- It includes a recording stamp.
- It has handwritten letters and numbers below the recording stamp.
- It includes verbiage crossed out in the first paragraph under the definitions section.

### Assignments and Modifications

16. Additionally, the Defendants' June 27, 2024, correspondence falsely claims that the loan modification was between myself and LoanCare. The invalid modification, filed as **Exhibit D**, clearly shows it was between myself and New Residential Mortgage, not LoanCare.

17. This correspondence also incorrectly asserts that the modification maintained my interest rate, when in fact, the interest rate was reduced from 6.725% to 5.625%, as shown in the loan modification agreement.

18. LoanCare, through a corrective gap assignment (filed as **Exhibit E**), retroactively attempted to assign its interest back to United Mortgage Corporation of America to justify United Mortgage then assigning the loan to New Residential Mortgage attempting to retroactively over a year later give new Residential Mortgage the standing to modify the loan

19. However, the next assignment, filed as **Exhibit F**, shows that New Residential Mortgage assigned the loan directly to FNMA (Fannie Mae), bypassing LoanCare entirely.

20. These discrepancies are not minor clerical errors but material issues that directly call into question the Defendants' standing to collect on the loan, let alone foreclose on my property. The contradictory assignments, inconsistent documentation, and misrepresentations regarding the chain of title and alleged collateral file handling reveal significant flaws in their attempts to prove standing to enforce.

## Conclusion

I submit this declaration in good faith to bring clarity to the court regarding material discrepancies in the documents presented by the Defendants, my good faith efforts to resolve the matter prior to litigation, and the validity of the Defendants' claims.

plaintiff thanks the Court for its time

Executed on December 30, 2024, at Juneau, Alaska.

Timothy L. Bradley

**Affidavit of Truth**

I, Timothy L. Bradley, swear under penalty of perjury under the United States and the State of Alaska that the facts stated above are true and correct

Date: December 30th, 2024

Signature: X _Timothy Leo Bradley 1/7/25 1/2/25_

Timothy L. Bradley ProSe

## Certificate of Service

I hereby certify that on January 2nd, 2025, I served a true and correct copy of the foregoing Declaration of Timothy L Bradley in support of plaintiff motion to rescind and opposition of opposition to file second amended complaint by USPS First-Class Mail to:

- **Justin Balser**

  Troutman Pepper Hamilton Sanders LLP

  100 Spectrum Center Drive, Suite 1500

  Irvine, California 92614

- **Timothy Pomeroy**

  Aldridge Pite LLP

  3333 Camino Del Rio South, Suite 225

  San Diego, California 92108

Date: December 30th, 2024 in Juneau Alaska

Signature:X _[signed] 1/2/25_

Timothy L. Bradley