**ALDRIDGE PITE, LLP**
Timothy R. Pomeroy (SBN 2405059)
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-Mail: tpomeroy@aldridgepite.com

Attorneys for Defendants CLEAR RECON CORP and ALDRIDGE PITE, LLP

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| Timothy L, Bradley, | Case No. 1:24-CV-00017-SLG |
|---|---|
| Plaintiff, | **DEFENDANTS' *JOINT* OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT** |
| vs. | (Superior Court for the State of Alaska, First Judicial District, Case No. 1JU-24-00797CI) |
| Nationstar Mortgage LLC doing business as Mr. Cooper and Rushmore Servicing; Clear Recon Corp; Elizon Master Participation Trust 1; US Bank Trust National Association Owner Trustee; Aldridge Pite, LLP; John and Jane and Does 1-10, | Complaint Filed: September 12, 2024 Trial Date: None |
| Defendants. | |

Defendants Nationstar Mortgage LLC d/b/a Rushmore Servicing ("Nationstar") (erroneously named as Nationstar Mortgage d/b/a Mr. Cooper and Rushmore Servicing, LLC), Clear Recon Corp, Elizon Master Participation Trust 1, US Bank Trust National Association as Owner Trustee ("Elizon Trust"), and Aldridge Pite, LLP (collectively "Defendants"), hereby oppose the motion for contempt [Dkt. 38] filed by Plaintiff Timothy Bradley ("Plaintiff").

Plaintiff seeks a finding of civil contempt by this Court for Defendants having foreclosed on his property at 9010 Gee Street, Juneau, Alaska 99801 (the "Property") in violation of a TRO issued in state court three hours *after* the foreclosure. Motion, page 3. Plaintiff bases this request not on actual notice of the TRO itself but on constructive notice of the moving papers which were not received by the foreclosure trustee until two days *after* the TRO hearing. Motion, page 2. This request is not consistent with Alaska's Rule of Civil procedure, Rule 65(d), 28 U.S.C. § 1826(a), 18 U.S.C. § 401(3), Fed. R. Crim. P, Rule 42,

- 1 -

or any other standard for contempt that might apply. Plaintiff's contempt motion should be **denied** without hearing.

## I. STATEMENT OF THE CASE

On August 23, 2005, Plaintiff obtained a $181,000.00 loan to purchase property located at 9010 Gee Street, Juneau, Alaska 99801. (First Amended Complaint ("FAC") p. 7; Exhibits O and P; Request for Judicial Notice ['RJN'], Exhibit 1.) The Original Lender was United Wholesale Mortgage Corporation, and the Note was endorsed in favor of Flagstar Bank, FSB. *See* FAC, Exhibits O and P. Flagstar Bank later endorsed the Note in blank. *See id.* Plaintiff secured the loan with a mortgage recorded with the Juneau Recording District Office on August 29, 2005, as Document Number 2005-007899-0. RJN, Exhibit 2; *see also* Exhibit T. Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the beneficiary in the mortgage, as nominee for the lender and the lender's successors and assigns. *Id.*

MERS assigned the mortgage to LoanCare, LLC ("LoanCare") in June 2020. Exhibit B; RJN, Ex. 3. LoanCare then assigned the mortgage back to MERS in November 2021. Exhibit E; RJN, Ex. 6. In August 2020, Plaintiff requested and received a loan modification agreement. RJN, Ex. 5. The Mortgage was then assigned to Federal National Mortgage Association ("FNMA"), and later from FNMA to J.P. Mortgage Acquisition Corp. ("J.P. Morgan"). Exhibits F, G; RJN Ex. 7 and 8.

The Mortgage was assigned from J.P. Morgan to Elizon Trust in June 2024. Exhibit J; RJN Ex. 9. Nationstar currently services Plaintiff's loan on Elizon Trust's behalf. FAC p. 8. In 2020, Plaintiff defaulted on his loan repayment obligations. FAC, p. 2. On August 8, 2023, a Notice of Default and Election to Sell was filed with the Juneau Recording District. FAC, p. 35; Exhibit A. Elizon Trust--and Clear Recon Corp. as Successor Trustee--conducted the foreclosure sale on September 5, 2024. RJN Ex. 10.

On August 30, 2024, an action was commenced in the Superior Court for the State of Alaska, First Judicial District, styled *Timothy L. Bradley v. Nationstar Mortgage LLC et al.*, Case No. 1JU-24-00797CI ("State Court Action"). While the Complaint (Complaint or

Compl.) was never properly served, an amended Complaint (FAC) followed less than two weeks later on September 13, 2024.

Plaintiff's Property was sold at a foreclosure sale on September 5, 2024, two days before the foreclosure trustee received the complaint or the motion for a TRO. Motion, pages 2 and 3. It is on this basis that Plaintiff seeks an order of civil contempt. The Motion should be ***denied***.

## II. ARGUMENT

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992); *see also Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002), *as cited in In re Dyer*, 322 F.3d 1178, 1191 (9th Cir., 2003).

Plaintiff has made no showing that Defendants violated any order issued by this Court. As such, a finding of contempt is inappropriate. Even if this Court were to adopt the state court's temporary restraining order (TRO) of September 5, 2024, Plaintiff admits in his Motion that the TRO issued "five hours ***after*** the foreclosure sale." Motion, page 2 (emphasis added). Compliance with this order in this case would have been impossible. A finding of contempt is inappropriate.

Alaska Rule Civ. P. Rule 65(d) provides: a party is bound by a TRO if they "received actual notice of the order by personal service or otherwise." In his Motion, Plaintiff attempts to redefine the standard provided in Alaska's Rules of Civil Procedure, Rule 65(d), from one of "actual notice of the order" to one of 'constructive notice' of the 'moving papers that would have brought about the order'. In making this attempt, Plaintiff cites no standard and no law in support. It is undisputed that Defendants did not, and could not, receive actual notice of the Order prior to the foreclosure sale as the TRO was issued after the foreclosure sale. A finding of contempt is inappropriate. The Motion should be denied without hearing.

### III. CONCLUSION

For the foregoing reasons, the Motion for a finding of contempt should be denied.

*Respectfully Submitted,*

ALDRIDGE PITE, LLP

Dated: 27 January 2025     By:     /s/ Tim Pomeroy
TIM POMEROY
Attorneys for NATIONSTAR MORTGAGE LLC (erroneously named as Nationstar Mortgage d/b/a Mr. Cooper and Rushmore Servicing, LLC); CLEAR RECON CORP; ELIZON MASTER PARTICIPATION TRUST 1; the US BANK TRUST NATIONAL ASSOCIATION (erroneously named as US Bank Trust National Association Owner Trustee) and ALDRIDGE PITE, LLP

**TROUTMAN PEPPER LOCKE LLP**

Dated: 27 January 2025     By:     /s/ Justin D. Balser (with consent)
JUSTIN D. BALSER
(*pro hac vice*)
Attorneys for Defendants Nationstar Mortgage LLC d/b/a Rushmore Servicing and Elizon Master Participation Trust I, US Bank Trust, N.A., as Owner Trustee

# CERTIFICATE OF SERVICE

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 1915 NE Stucki Avenue, 4th Floor, Hillsboro, OR 97006.

I hereby certify that on January 30, 2025, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing, and served the same by U.S. Mail and email on the following, who is not a registered participant of the CM/ECF System:

Timothy L, Bradley
9010 Gee Street
Juneau, AK 99801
woodworkalaska@gmail.com
*Plaintiff Pro Se*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of January, 2025, at Boise, Idaho.

                                           /s/ Brett Weaver
                                           Brett Weaver