# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIMOTHY BRADLEY,

        Plaintiff,

   v.

NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper and Rushmore Servicing, *et al.*,

        Defendants.

Case No. 1:24-cv-00017-SLG

## ORDER ON MOTION TO RESCIND SALE OF PROPERTY AND MOTION TO STRIKE

Before the Court are two pending motions. At Docket 12 is a Motion to Rescind Sale of Property filed by self-represented Plaintiff Timothy Bradley. Defendants Nationstar Mortgage LLC d/b/a Rushmore Servicing ("Nationstar Mortgage"), Clear Recon Corp., Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee, and Aldridge Pite, LLP (collectively, "Defendants") responded in opposition at Docket 25, to which Mr. Bradley replied at Docket 29. At Docket 44 is Defendants' Joint Motion to Strike Plaintiff's Second Amended Complaint, to which Mr. Bradley responded in opposition at Docket 45. For the reasons set forth below, both motions are DENIED.

## BACKGROUND

On August 23, 2005, Mr. Bradley obtained a loan for $181,000.00 from United Mortgage Corporation of America to purchase property located at 9010 Gee Street,

Juneau, Alaska 99801, as evidenced by a promissory note and a deed of trust.[1] Mortgage Electronic Registration Systems, Inc. ("MERS") was named beneficiary for the deed of trust, as nominee for United Mortgage and its successors and assigns.[2]

Throughout 2020 and 2021, there was a series of reassignments of the deed of trust.[3] In or around 2020, Mr. Bradley "fell behind on mortgage payments due to financial difficulties stemming from the COVID-19 pandemic and other personal hardships."[4] To avoid foreclosure, on August 26, 2020, Mr. Bradley signed a Loan Modification Agreement with New Residential Mortgage, LLC, by LoanCare, LLC.[5] However, due to Mr. Bradley's alleged failure to pay the October 2022 installment and subsequent installments, Clear Recon Corp., the substituted successor trustee, issued a Notice of Default and Election to Sell on August 7, 2023.[6]

---

[1] Docket 12-15 (Note); Docket 12-17 (Deed of Trust).

[2] Docket 12-17 at 1 (Deed of Trust).

[3] *See* Docket 12-5 (June 4, 2020, Corporate Assignment of Deed of Trust from MERS to LoanCare, LLC); Docket 12-6 (August 31, 2020, Alaska Assignment of Deed of Trust from MERS as nominee for United Mortgage to MERS as nominee for New Residential Mortgage, LLC); Docket 12-8 (November 12, 2021, Corrective Gap Assignment correcting gap in previously recorded ownership and signing deed of trust from LoanCare to MERS); Docket 12-9 (November 12, 2021, Corporate Assignment of Deed of Trust from MERS to Federal National Mortgage Association); Docket 12-10 (November 12, 2021, Corporate Assignment of Deed of Trust from Federal National Mortgage Association to J.P. Mortgage Acquisition Corp).

[4] Docket 43 at 8.

[5] Docket 12-7 (Loan Modification Agreement).

[6] Docket 12-4 (Notice of Default and Election to Sell under Deed of Trust).

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 2 of 13

Case 1:24-cv-00017-SLG   Document 46   Filed 04/25/25   Page 2 of 13

On April 2, 2024, Mr. Bradley sent a letter to Nationstar Mortgage requesting information about alleged discrepancies with his mortgage and loan modification.[7] Nationstar Mortgage responded that the "loan and related documents were reviewed and found to comply with all state and federal guidelines" and that "the payment history appears to be reported accurately."[8] The parties continued to correspond over the next few months.[9]

On August 30, 2024, Mr. Bradley filed an action in the Superior Court for the State of Alaska, alleging that Defendants violated the Uniform Commercial Code by improperly endorsing and transferring the promissory note, failing to discharge the debt after proper tender of payment, and fraudulently assigning the deed of trust, causing defects in the chain of title; made fraudulent and negligent misrepresentations to Mr. Bradley; violated various Alaska statutes for fraudulent acts relating to real property transactions; and breached the duty of good faith and fair dealing by recording invalid assignments and attempting to enforce an invalid loan modification.[10]

---

[7] Docket 12-3 at 1-10 (April 2, 2024, Email from Mr. Bradley to Nationstar Mortgage).

[8] Docket 12-3 at 13-16 (April 10, 2024, Letter from Nationstar Mortgage to Mr. Bradley).

[9] *See* Docket 12-3 at 18-22 (April 11, 2024, Email from Mr. Bradley to Nationstar Mortgage); Docket 37-1 at 16-19 (June 27, 2024, Letter from Nationstar Mortgage to Mr. Bradley) (referencing a May 16, 2024, letter from Mr. Bradley).

[10] Docket 2-1 at 17-23.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 3 of 13

Case 1:24-cv-00017-SLG   Document 46   Filed 04/25/25   Page 3 of 13

On September 5, 2024, Clear Recon Corp. conducted a foreclosure sale.[11] Several hours after the sale, the Alaska Superior Court issued a Temporary Restraining Order ("TRO") intended to halt the sale.[12] On September 12, 2024, Mr. Bradley filed his First Amended Complaint in state court.[13] Defendants removed the case to this Court on October 8, 2024.[14]

On October 22, 2024, Mr. Bradley filed a Motion to Rescind Sale of Property. In it, Mr. Bradley alleges that Defendants failed to properly endorse the promissory note; improperly assigned the deed of trust, leading to defects in the chain of title; failed to provide a clear path for reinstatement; and conducted an illegal foreclosure sale that vastly under-valued the property.[15] The motion asks the Court to:

> 1. rescind the foreclosure sale
> 2. return the property to plaintiff
> 3. hold the defendants liable for their actions of wrongful [foreclosure], and the theft of plaintiff's almost $260,000 in equity
> 4. order a permanent injunction with prejudice to keep defendants from future illegal attempts to steal the plaintiff's equity and home
> 5. [provide] any other relief the court feels is appropriate for the two years the plaintiff has had to defend his home and equity.[16]

---

[11] Docket 43 at 19; Docket 14 at 12.

[12] Docket 38 at ¶ 8; Docket 42 at 2.

[13] Docket 2-2 at 10-22; Docket 2-3 at 1-18.

[14] Docket 2 (Notice of Removal by Defendants Nationstar Mortgage, Clear Recon Corp., and Aldridge Pite, LLP); Docket 5 (Notice of Consent to Removal by Defendants Elizon Master Participation Trust 1 and the U.S. Bank Trust National Association).

[15] Docket 12 at 3-8.

[16] Docket 12 at 8.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 4 of 13

Case 1:24-cv-00017-SLG     Document 46     Filed 04/25/25     Page 4 of 13

Defendants responded in opposition to this motion on November 25,[17] to which Mr. Bradley replied on November 27, 2024.[18]

Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint on October 24, 2024.[19] "[P]rompted" by this motion to dismiss, Mr. Bradley filed a Motion for Leave to File Second Amended Complaint Out of Time on November 21, 2024.[20] On December 2, 2024, the Court entered an order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint without prejudice to Mr. Bradley's motion for leave to file a second amended complaint, which was "not yet ripe for determination."[21] On February 12, 2025, after the motion was ripe, the Court entered an order denying Mr. Bradley's Motion for Leave to File Second Amended Complaint Out of Time without prejudice because:

> Mr. Bradley's filing did not comply with Local Civil Rule of Procedure 15.1(a), which requires that a motion to amend a pleading must include as an attachment to the motion the proposed amended pleading, and the attached amended pleading must clearly indicate how it differs from the pleading it amends, "by bracketing or striking . . . through the text to be deleted and underlining the text to be added." Mr. Bradley may file a renewed motion for leave that complies with the Court's local rule. If he fails to do so within 30 days of the date of this order, this action may be dismissed without further notice to him, as there is presently no operative complaint in this case.[22]

---

[17] Docket 25.

[18] Docket 29.

[19] Docket 14.

[20] Docket 24.

[21] Docket 26 at 6.

[22] Docket 42 at 1-2 (quoting D. Alaska L. Civ. R. 15.1(a)).

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 5 of 13

Case 1:24-cv-00017-SLG    Document 46    Filed 04/25/25    Page 5 of 13

In that same order, the Court noted that Mr. Bradley's Motion to Rescind Sale of Property "will be addressed at such time that there is an operative complaint in this action."[23]

On March 20, 2025, Mr. Bradley filed a Notice of Filing Proposed Second Amended Complaint.[24] The filing consists of the proposed complaint with changes to the First Amended Complaint shown by striking through the deleted text and underlining the text to be added. The proposed Second Amended Complaint alleges breach of contract for failure "to ensure a valid chain of title" and "initiating foreclosure without proper authority"; "bad faith by pursuing foreclosure despite known defects in the chain of title[,] procedural irregularities," and knowledge of the lawsuit; unfair trade practices "including misrepresentation and omission of material facts to enforce a void unlawful foreclosure"; negligence "in managing and transferring Plaintiff's loan"; and wrongful foreclosure.[25] Mr. Bradley seeks a "[d]eclaratory judgment that the foreclosure sale was unlawful and void due to procedural irregularities, a defective chain of title, void assignments, and lack of authority"; "[e]quitable relief, including: a. An order rescinding the foreclosure sale and restoring title to Plaintiff; and b. A permanent injunction preventing further foreclosure without proper authority"; monetary damages; punitive damages; "[p]re- and post-judgment interest at the

---

[23] Docket 42 at 1.

[24] Docket 43.

[25] Docket 43 at 39-40.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 6 of 13

Case 1:24-cv-00017-SLG   Document 46   Filed 04/25/25   Page 6 of 13

maximum allowable rate"; and "[a]ny other relief the Court deems just and proper."[26] On April 3, 2025, Defendants filed a Joint Motion to Strike Plaintiff's Second Amended Complaint,[27] to which Mr. Bradley responded in opposition on April 10.[28]  Defendants did not file a reply.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15 governs amended pleadings and provides that courts should "freely give leave [to amend] when justice so requires."[29]  The Ninth Circuit has held that "this policy is to be applied with extreme liberality,"[30] and "even more liberally to pro se litigants."[31]  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  Futility alone can justify the denial of a motion to amend."[32]  However, "[n]ot all of the factors merit equal weight"; in the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the

---

[26] Docket 43 at 40-41.

[27] Docket 44.

[28] Docket 45.

[29] Fed. R. Civ. P. 15(a)(2).

[30] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

[31] *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

[32] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and internal quotation marks omitted).

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 7 of 13

Case 1:24-cv-00017-SLG     Document 46     Filed 04/25/25     Page 7 of 13

greatest weight."[33] And "[a]bsent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[34]

Alaska law governs foreclosure sales and their rescission. Alaska courts "have stated [their] reluctance to set aside foreclosure sales except in the most unusual circumstances."[35] Even when a sale fails to comply with Alaska statutory provisions, Alaska courts "will set it aside only in cases that reach 'unjust extremes.'"[36]

## DISCUSSION

### 1. Motion to Strike Plaintiff's Second Amended Complaint

Defendants move to strike Mr. Bradley's Second Amended Complaint. They assert that Mr. Bradley "filed a proposed Amended Complaint without filing a motion or explaining why the court should allow him to amend," which they maintain is prejudicial because "Defendants should not have to incur additional fees related to responding to a Second Amended Complaint without Plaintiff having established why he is entitled" to it; that the filing is untimely because it came "6 days after the Court-ordered deadline"; and that "amendment is sought in bad faith, produces undue

---

[33] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[34] *Id.* (emphasis in original).

[35] *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 595-96 (Alaska 2005) (citing *McHugh v. Church,* 583 P.2d 210, 216 (Alaska 1978)).

[36] *Id.* at 596 (quoting *Rosenberg v. Smidt,* 727 P.2d 778, 783 (Alaska 1986)).

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 8 of 13

Case 1:24-cv-00017-SLG   Document 46   Filed 04/25/25   Page 8 of 13

delay, and Plaintiff (again) fails to allege fact sufficient to plead a cause of action against Defendants," rendering amendment "futile."[37] Mr. Bradley responds that it was not untimely, citing Alaska Rule of Civil Procedure 6(e) which allows for additional time for pro se litigants filing conventionally, and takes issue with Defendants' attempt to evade review on the merits by striking his Complaint "based on procedural technicalities."[38]

The Court denies Defendants' motion to strike and accepts Mr. Bradley's Second Amended Complaint as filed. Given that the "policy of favoring amendments to pleadings should be applied with extreme liberality" and that the "policy is applied even more liberally to pro se litigants" for whom "strict time limits . . . ought not to be insisted upon,"[39] and given that the Ninth Circuit treats pro se litigants "with great leniency" when "evaluating [their] compliance with the technical rules of civil procedure,"[40] the Court finds Mr. Bradley's filing to be sufficient. Mr. Bradley filed the Second Amended Complaint within a few days of the Court-ordered deadline,[41] and the filing complies with this Court's order and with the Local Civil Rules by

---

[37] Docket 44 at 2.

[38] Docket 45 at 2-3.

[39] *Eldridge*, 832 F.2d at 1135-36.

[40] *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

[41] The Court notes that Mr. Bradley's citation to the Alaska Rules of Civil Procedure for his assertion that his filing was timely does not hold weight in this federal Court. The Court instead directs Mr. Bradley to the Federal Rules of Civil Procedure and to the U.S. District of Alaska Local Civil Rules, which govern these proceedings, even when based on diversity jurisdiction.

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 9 of 13

Case 1:24-cv-00017-SLG     Document 46     Filed 04/25/25     Page 9 of 13

"indicat[ing] how it differs from the pleading it amends, 'by . . . striking . . . through the text to be deleted and underlining the text to be added.'"[42] The fact that the latest filing lacks a renewed motion is a technical oversight that ought not to bar amendment given that Mr. Bradley previously filed a Motion for Leave to File Second Amended Complaint to which the Court and Defendants can refer.[43] As far as the factors to be considered by the Court when deciding whether to grant leave to amend,[44] Defendants have not met their burden to show prejudice,[45] which is the factor entitled to the greatest weight,[46] and there is no evidence that amendment was sought in bad faith or that it produces undue delay.[47] In terms of futility of amendment, any such argument is better addressed in a dispositive motion to dismiss rather than in a motion to strike.[48]

---

[42] Docket 42 at 1-2 (quoting D. Alaska L. Civ. R. 15.1(a)).

[43] *See* Docket 24.

[44] *See Johnson*, 356 F.3d at 1077.

[45] *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). Defendants assert that it is prejudicial to them for the Court to allow amendment when Mr. Bradley has failed to establish why he is entitled to it, which appears to be an attempt to shift the burden onto Mr. Bradley. *See* Docket 44 at 2.

[46] *Eminence Cap.*, 316 F.3d at 1052.

[47] In their motion to strike, Defendants merely state that amendment was sought in bad faith and that it produces undue delay without providing any evidence to support either assertion. *See* Docket 44 at 2.

[48] *See e.g.*, *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal. 2010) ("[Futility is] often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." (internal quotation marks omitted) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002))); *Puget Soundkeeper All. v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 897 (W.D. Wash. 2021) (declining to conclude that a

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 10 of 13

Case 1:24-cv-00017-SLG   Document 46   Filed 04/25/25   Page 10 of 13

## 2. Motion to Rescind Sale of Property

Now that there is an operative complaint in this matter, the Court turns to Mr. Bradley's Motion to Rescind Sale of Property. In the motion, Mr. Bradley alleges that Defendants failed to properly endorse the promissory note; improperly assigned the deed of trust, leading to defects in the chain of title; failed to provide a clear path for reinstatement; and conducted an illegal foreclosure sale that vastly under-valued the property.[49] Mr. Bradley asks the Court to:

> 1. rescind the foreclosure sale
> 2. return the property to plaintiff
> 3. hold the defendants liable for their actions of wrongful [foreclosure], and the theft of plaintiff's almost $260,000 in equity
> 4. order a permanent injunction with prejudice to keep defendants from future illegal attempts to steal the plaintiff's equity and home
> 5. [provide] any other relief the court feels is appropriate for the two years the plaintiff has had to defend his home and equity.[50]

In their opposition, Defendants state that the motion is "little more than a plea for relief."[51] They state further that, pursuant to Alaska state law, foreclosures may only be set aside if "the procedure followed . . . inherently rendered the sale unfair and unreasonable," and that Mr. Bradley fails to meet this standard.[52]

---

proposed claim was futile and noting that "this issue is better suited for a fully-briefed dispositive motion").

[49] Docket 12 at 3-8.

[50] Docket 12 at 8.

[51] Docket 25 at 1.

[52] Docket 25 at 1-2 (quoting *Cook Schuhmann & Groseclose, Inc.*, 116 P.3d at 596).

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 11 of 13

Case 1:24-cv-00017-SLG    Document 46    Filed 04/25/25    Page 11 of 13

The Court denies Mr. Bradley's Motion to Rescind Sale of Property. In the motion, Mr. Bradley alleges substantially the same grievances as alleged in his Second Amended Complaint.[53] And the motion requests the same equitable[54] and declaratory relief—rescinding the foreclosure sale, returning the property to Mr. Bradley, declaring Defendants liable, and ordering a permanent injunction preventing future foreclosure—as requested in the Second Amended Complaint.[55] The motion is premature in asking the Court to provide the equitable and declaratory relief that Mr. Bradley seeks in his Complaint before the Court has decided the case on the merits.[56] In his motion, Mr. Bradley raises questions more appropriate for resolution at the summary judgment stage or at trial.[57] The Court therefore does not reach the

---

[53] *Compare* discussion *supra* p. 6 *with* discussion *supra* p. 11.

[54] Equitable relief refers to relief other than declaratory relief or damages, including specific performance or an injunction. *See United States v. Gerlach Live Stock Co.*, 339 U.S. 725, 752 (1950); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993).

[55] *Compare* discussion *supra* p. 6-7 *with* discussion *supra* p. 11. Note that the Second Amended Complaint requests monetary and punitive damages in addition to equitable and declaratory relief.

[56] The Court notes that this is true even for the injunction sought. While a plaintiff may seek a preliminary injunction prior to a decision on the merits, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (indicating that a plaintiff's likelihood of success on the merits is one of the factors for a preliminary injunction), "[a]s a general rule, a permanent injunction will be granted when liability has been established." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993). Here, Mr. Bradley's motion seeks a "permanent injunction," Docket 12 at 8, so the Court must first decide on liability before it can issue the injunction.

[57] And in the above cited Alaska Supreme Court cases that address the standard for rescinding a foreclosure sale, the question did indeed arise after summary judgment had been granted. *See e.g.*, *Cook Schuhmann & Groseclose*, 116 P.3d at 595-96 (reviewing, on appeal, a grant of summary judgment to determine whether a foreclosure sale must instead be set aside); *McHugh*, 583 P.2d at 216 (same). The Court notes that the time is likely not yet ripe for Mr. Bradley to file a motion for summary judgment. Although Federal Rule of Civil Procedure 56 "allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading." Fed. R. Civ. P. 56 advisory

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 12 of 13

Case 1:24-cv-00017-SLG   Document 46   Filed 04/25/25   Page 12 of 13

question of whether the sale was conducted under "unjust extremes" sufficient to warrant recission.[58]  Accordingly, the Court denies Mr. Bradley's motion to rescind the sale without prejudice to him seeking such relief in the resolution of this action.

## CONCLUSION

For the reasons set forth above, Mr. Bradley's Motion to Rescind Sale of Property at Docket 12 is **DENIED WITHOUT PREJUDICE**.  Defendants' Joint Motion to Strike Plaintiff's Second Amended Complaint at Docket 44 is **DENIED.**  Mr. Bradley is directed to file a clean copy of the Second Amended Complaint at Docket 43 without any of the strike-through/underlining markings **within 14 days of the date of this order**.   Defendants shall file their response **within 14 days thereafter.**

DATED this 25th day of April 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

committee's note to 2010 amendment. Here, Defendants have not yet filed a motion or pleading in response to Mr. Bradley's proposed Second Amended Complaint.

[58] *See Cook Schuhmann & Groseclose*, 116 P.3d at 596 (Alaska 2005) (internal quotation marks omitted) (quoting *Rosenberg v. Smidt,* 727 P.2d 778, 783 (Alaska 1986)).

Case No. 1:24-cv-00017-SLG, *Bradley v. Nationstar Mortgage LLC, et al.*
Order on Motion to Rescind Sale of Property and Motion to Strike
Page 13 of 13

Case 1:24-cv-00017-SLG   Document 46   Filed 04/25/25   Page 13 of 13