# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

TIMOTHY BRADLEY,

            Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC
d/b/a/ MR. COOPER AND
RUSHMORE SERVICING, *et al*.,

           Defendants.

Case No. 1:24-cv-00017-SLG

## ORDER ON MOTION TO DISMISS AND REQUESTS FOR JUDICIAL NOTICE

Before the Court at Docket 49 is the Joint Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and Rushmore Servicing ("Nationstar"), Clear Recon Corp., Elizon Master Participation Trust I, U.S. Bank Trust National Association ("Elizon Trust"), and Aldridge Pite, LLP ("Aldridge Pite") (collectively, "Defendants"). Self-represented Plaintiff Timothy Bradley responded in opposition at Docket 53, to which Defendants replied at Docket 55. Oral argument on the motion was not requested and was not necessary for the Court's determination.

Also before the Court are Defendants' Requests for Judicial Notice at Dockets 41 and 50 and Plaintiff's Motion for Judicial Notice at Docket 59. Plaintiff did not file responses to Defendants' requests, and Defendants did not file a response to Plaintiff's motion. Good cause being shown, Defendants' requests for

judicial notice and Plaintiff's motion for judicial notice are each GRANTED.[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of all the documents referenced in the requests at Dockets 41, 50, and 59.

For the reasons set below, the motion to dismiss is GRANTED with partial leave to amend.

## BACKGROUND

The facts as pled in Mr. Bradley's Second Amended Complaint ("SAC") and the judicially noticed documents are as follows:

On August 23, 2005, Mr. Bradley obtained a loan for $181,000.00 from United Mortgage Corporation of America ("United Mortgage") to purchase property located at 9010 Gee Street, Juneau, Alaska 99801, as evidenced by a promissory note[2] and a deed of trust.[3] Mortgage Electronic Registration Systems, Inc. ("MERS") was named the beneficiary on the deed of trust, as nominee for United Mortgage and its successors and assigns, and Joan H. Anderson was named the trustee.[4]

---

[1] Courts routinely take judicial notice of recorded property documents, *see Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1040 (C.D. Cal. 2015) (collecting cases); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), and "'[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (quoting *Hansen Beverage Co. v. Innovation Ventures, LLC*, Case No. 08-CV-1166-IEG (POR), 2009 WL 6597891, at *1 (S.D. Cal. Dec. 23, 2009)).

[2] Docket 12-15 (Note).

[3] Docket 12-17 at 1 (Deed of Trust); Docket 50-1 at 2–12; *see also* Docket 47 ¶ 32.

[4] Docket 12-17 at 1 (Deed of Trust).

On June 4, 2020, MERS, as nominee for United Mortgage, executed a Corporate Assignment of Deed of Trust assigning the deed of trust to LoanCare, LLC ("LoanCare").[5] In or around 2020, Mr. Bradley "fell behind on mortgage payments due to financial difficulties stemming from the COVID-19 pandemic and other personal hardships."[6] To avoid foreclosure, Mr. Bradley signed a Loan Modification Agreement with New Residential Mortgage, LLC ("New Residential Mortgage"), by LoanCare on August 26, 2020 that was recorded on October 5, 2020.[7]

Meanwhile, on August 31, 2020, MERS executed another Assignment of Deed of Trust as nominee for United Mortgage to MERS as nominee for New Residential Mortgage that was also recorded on October 5, 2020, just prior to the recording of the loan modification agreement.[8] On November 12, 2021, LoanCare executed a Corporate Assignment of Deed of Trust with a Corrective Gap Assignment assigning the deed of trust to MERS as nominee for United Mortgage "to remedy a gap in the recorded ownership interest" between the June 4, 2020

---

[5] *See* Docket 12-5 (June 4, 2020, Corporate Assignment of Deed of Trust); Docket 50-1 at 18; *see also* Docket 47 ¶ 33.

[6] Docket 47 ¶ 34.

[7] *See* Docket 12-7 (Aug. 4, 2020, Loan Modification Agreement); Docket 50-1 at 24–31. The SAC erroneously states that Plaintiff executed the loan modification agreement on November 5, 2020. *See* Docket 47 ¶ 39 (citing Docket 12-7).

[8] *See* Docket 12-6 (Aug. 31, 2020, Alaska Assignment of Deed of Trust); Docket 50-1 at 20–22; *see also* Docket 47 ¶ 37.

Case No 1:24-cv-00017-SLG
Order on Motion to Dismiss and Requests for Judicial Notice
Page 3 of 25
Case 1:24-cv-00017-SLG     Document 60     Filed 12/12/25     Page 3 of 25

assignment and the August 31, 2020 assignment.[9] On November 12, 2021, MERS as nominee for New Residential Mortgage assigned the deed of trust to the Federal National Mortgage Association ("Fannie Mae").[10] That same day, Fannie Mae assigned the deed of trust to J.P. Morgan Mortgage Acquisition Corp. ("J.P. Morgan").[11]

On July 20, 2023, J.P. Morgan executed a Substitution of Trustee through Rushmore Loan Management Services LLC, its appointed attorney-in-fact, removing Joan H. Anderson as trustee and appointing Clear Recon Corp. in her place.[12] The Substitution of Trustee was recorded on August 8, 2023.[13]

Due to Mr. Bradley's alleged failure to pay the October 2022 installment and subsequent installments of his loan, Clear Recon Corp. issued a Notice of Default and Election to Sell Under Deed of Trust on August 7, 2023.[14]

---

[9] *See* Docket 12-8 (Nov. 12, 2021, Corporate Assignment of Deed of Trust from LoanCare to MERS); Docket 50-1 at 33; *see also* Docket 47 ¶ 40.

[10] *See* Docket 12-9 (Nov. 12, 2021, Corporate Assignment of Deed of Trust from MERS to Fannie Mae); Docket 50-1 at 35; *see also* Docket 47 ¶ 43.

[11] *See* Docket 12-10 (Nov. 12, 2021, Corporate Assignment of Deed of Trust from Fannie Mae to J.P. Morgan); Docket 50-1 at 37; *see also* Docket 47 ¶ 44.

[12] *See* Docket 50-1 at 42–43 (July 20, 2023, Substitution of Trustee). The SAC erroneously states that the Substitution of Trustee was executed on August 8, 2023. *See* Docket 47 ¶ 84 (citing Docket 50-1 at 42–43). According to the judicially noticed and publicly recorded document at Docket 50-1 at 42–43, the Substitution of Trustee was executed on July 20, 2023 and was recorded on August 8, 2023.

[13] *See* Docket 50-1 at 42.

[14] Docket 12-4 (Notice of Default and Election to Sell under Deed of Trust); Docket 50-1 at 45–46.

On April 2, 2024, Mr. Bradley sent a letter to the loan servicer, Nationstar, requesting information about alleged discrepancies with his mortgage and loan modification agreement.[15] Nationstar responded that the "loan and related documents were reviewed and found to comply with all state and federal guidelines" and that "the payment history appears to be reported accurately."[16] The loan servicer and Mr. Bradley continued to correspond over the next few months.[17]

On June 17, 2024, J.P. Morgan assigned the deed of trust to Elizon Trust.[18]

On August 30, 2024, Mr. Bradley initiated this action in the Superior Court for the State of Alaska.[19]

On September 5, 2024, Clear Recon Corp. conducted the foreclosure sale.[20] Several hours after the sale, the Alaska Superior Court issued a Temporary Restraining Order ("TRO") intended to halt the sale.[21]

---

[15] Docket 12-3 at 1-10 (April 2, 2024, Email from Mr. Bradley to Rushmore Servicing); Docket 51-1 at 2–10; *see also* Docket 47 ¶ 24.

[16] Docket 12-3 at 13–16 (April 10, 2024, Letter from Rushmore Servicing to Mr. Bradley); Docket 51-1 at 12–16. The letters from Rushmore Servicing state that "Rushmore Servicing and Mr. Cooper are brand names for Nationstar Mortgage LLC."

[17] *See* Docket 12-3 at 18–21 (April 11, 2024, Email from Mr. Bradley to Mr. Cooper); Docket 12-3 at 22 (April 17, 2024, Email from Mr. Bradley to Mr. Cooper); Docket 37-1 at 16–19 (June 27, 2024, Letter from Rushmore Servicing to Mr. Bradley).

[18] Docket 12-13 (June 17, 2024, Assignment of Deed of Trust); Docket 50-1 at 39–40; *see also* Docket 47 ¶ 45.

[19] Docket 47 ¶ 58; Docket 2-1 at 3–24.

[20] Docket 47 ¶ 58; Docket 14 at 12.

[21] Docket 38 ¶ 8; Docket 42 at 2.

Defendants removed the case to this Court on October 8, 2024.[22] Mr. Bradley filed his SAC on May 6, 2025 against Defendants Clear Recon Corp., the trustee of the deed of trust at the time of the foreclosure, Elizon Trust, the beneficiary, Nationstar, the loan servicer, and Aldridge Pite, Nationstar and Clear Recon Corp.'s counsel at the time of the foreclosure.[23] Mr. Bradley seeks a declaratory judgment that the foreclosure sale conducted by Defendants was unlawful and void, equitable relief in the form of rescission of the foreclosure sale and restoration of legal title, and damages for any fraud, negligence, or bad faith by Defendants.[24] Defendants jointly moved to dismiss the SAC on May 20, 2025.[25]

This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.[26]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain

---

[22] Docket 2 (Notice of Removal by Defendants Nationstar Mortgage, Clear Recon Corp., and Aldridge Pite, LLP); Docket 5 (Notice of Consent to Removal by Defendants Elizon Trust and the U.S. Bank Trust National Association).

[23] Docket 47. Mr. Bradley also filed a Notice of Errata correcting the case caption on the SAC. Docket 48.

[24] Docket 47 at 31.

[25] Docket 49.

[26] Docket 47 ¶¶ 3–4.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[28]

When deciding a Rule 12(b)(6) motion, a court considers only the operative complaint, materials incorporated into the complaint by reference, and matters on which a court has taken judicial notice.[29] "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[30]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[31] However, "leave may be denied if amendment of the complaint would be futile."[32] Futility exists when "the

---

27 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

28 *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

29 *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007)).

30 *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) (citations omitted).

31 Fed. R. Civ. P. 15(a).

32 *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[33]

When sitting in diversity, federal courts apply state substantive law and federal procedural law.[34]

## DISCUSSION

The SAC alleges six counts.[35] Count I alleges breach of contract against Clear Recon Corp. and Elizon Trust for "failing to ensure a valid chain of title of both the [Deed of Trust] and Note and initiating foreclosure without proper authority."[36] Count II alleges that Nationstar, Aldridge Pite, and Clear Recon Corp. violated the covenant of good faith and fair dealing "by pursuing foreclosure despite known defects in the chain of title[,] procedural irregularities," and

---

[33] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[34] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[35] While Plaintiff mentions Defendants' alleged violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), and Alaska's fraudulent conveyance statute in other portions of the SAC, the Court focuses on the Counts alleged at the end of the SAC to decipher the causes of action under which Plaintiff seeks relief.

Further, despite Defendants' arguments regarding the viability of Mr. Bradley's claims for relief under TILA, RESPA, and FDCPA, Mr. Bradley does not respond to these arguments in his opposition and instead "concedes that" the SAC "may not meet the heightened pleading standards" for "certain federal claims under TILA and RESPA." Docket 53 at 2. Even if the SAC included these federal claims as separate Counts, Mr. Bradley's concession and lack of response to the arguments raised in Defendants' motion to dismiss would render those claims "effectively abandoned." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006); *see also Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that a party abandoned its claims by not raising them in an opposition to summary judgment).

[36] Docket 47 at 30.

knowledge of Plaintiff's lawsuit challenging the foreclosure.[37] Count III alleges that all Defendants violated the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA"), AS 45.50.471 et seq., "by engaging in unfair and deceptive practices, including misrepresentation and omission of material facts to enforce a void unlawful foreclosure."[38] Count IV alleges that all Defendants were negligent when they "failed to exercise reasonable care in managing and transferring Plaintiff's loan, causing significant financial and emotional harm."[39] Count V alleges wrongful foreclosure against aa Defendants, stating that "the foreclosure was conducted without proper authority, in violation of Alaska law and the terms of the Deed of Trust . . . based on a note that lacked valid endorsements."[40] Count VI, alleged against all Defendants, seeks declaratory relief that "the foreclosure sale is void due to the defective chain of title and procedural violations."[41]

### Count I - Breach of Contract
### (Against Clear Recon Corp. and Elizon Trust)

Under Alaska law, a breach of contract claim requires "proof of the existence

---

[37] Docket 47 at 30.

[38] Docket 47 at 30.

[39] Docket 47 at 31.

[40] Docket 47 at 31.

[41] Docket 47 at 31.

Case No 1:24-cv-00017-SLG
Order on Motion to Dismiss and Requests for Judicial Notice
Page 9 of 25
Case 1:24-cv-00017-SLG    Document 60    Filed 12/12/25    Page 9 of 25

of a contract, breach, and damages."[42] To determine whether a party has breached a contract, Alaska courts look to the specific contract provision that is alleged to have been breached.[43]

The SAC alleges that Clear Recon Corp. and Elizon Trust "failed to comply with the terms of the Deed of Trust by failing to ensure a valid chain of title of both the [Deed of Trust] and Note and initiating foreclosure without proper authority."[44] But the SAC fails to identify what specific term(s) of the Deed of Trust was breached by each named Defendant.[45] Mr. Bradley's broad assertion that the breach of contract claim is predicated on "Defendants' systemic failures to perform their contractual obligations, their use of fabricated assignments, and the ultimate deprivation of Plaintiff's property without lawful authority"[46] does not cure the fact that the SAC fails to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."[47]

Accordingly, Mr. Bradley's breach of contract claim against Clear Recon Corp. and Elizon Trust is DISMISSED. However, leave to amend is granted as to

---

[42] *Societe Fin., LLC v. MJ Corp.*, 542 P.3d 1159, 1166 (Alaska 2024).

[43] *See Id.* at 1167; *see also Johnson v. Albin Carlson & Co.*, 569 P.3d 1178, 1192 (Alaska 2025); *Guy v. Providence Health & Servs. Washington*, 502 P.3d 13, 19 (Alaska 2022).

[44] Docket 47 at 30.

[45] *See Reinbold*, 2024 WL 553552, at *12.

[46] Docket 53 at 13.

[47] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Case 1:24-cv-00017-SLG    Document 60    Filed 12/12/25    Page 10 of 25

this claim to accord Mr. Bradley an opportunity to identify the precise terms of the Deed of Trust that he is alleging were breached by each Defendant, when that breach occurred, and how the breach occurred.

### Count II - Breach of the Covenant of Good Faith and Fair Dealing
### (Against Nationstar, Clear Recon Corp., and Aldridge Pite)

In Alaska, all contracts include the implied covenant of good faith and fair dealing.[48] "The purpose of the covenant of good faith and fair dealing is 'to effectuate the reasonable expectations of the parties to the agreement, not to alter those expectations.'"[49] "Thus, the covenant 'cannot be interpreted to prohibit what is expressly permitted by' the contract."[50]

The covenant of good faith and fair dealing includes both subjective and objective elements—both of which a plaintiff must allege has been violated to state a claim.[51] "The subjective element 'prohibits one party from acting to deprive the other of the benefit of the contract.'"[52] "The objective element 'requires each party to act in a manner that a reasonable person would regard as fair.'"[53]

---

[48] *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 992 (Alaska 2009) (quotation omitted) (citing *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997)).

[49] *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1068 (D. Alaska 2012) (citing *Ramsey*, 936 P.2d at 133).

[50] *Id.*

[51] *Nicdao*, 839 F. Supp. 2d at 1068 (citing *Anchorage Chrysler Ctr., Inc.*, 221 P.3d at 992).

[52] *Anchorage Chrysler Ctr., Inc.*, 221 P.3d at 992.

[53] *Id.*

As Defendants highlight, there is no contract between Mr. Bradley and Nationstar, as there is no contractual relationship between a mortgagor and a loan servicer.[54] Nor is there a contract between Mr. Bradley with Aldrige Pite, who was Nationstar and Clear Recon Corp.'s attorney in the foreclosure process.[55] Because there is no contract between Mr. Bradley and either of these Defendants, there can be no breach of the covenant of good faith and fair dealing. Therefore, Mr. Bradley's breach of the covenant of good faith and fair dealing claim against Nationstar and Aldridge Pite must be DISMISSED. Further, leave to amend this claim as to these Defendants would be futile.

Count II also alleges that Clear Recon Corp. breached the covenant of good faith and fair dealing "by pursuing foreclosure despite known defects in the chain of title and procedural irregularities."[56] Mr. Bradley and Clear Recon Corp. are both parties to the Deed of Trust beginning on July 20, 2023, when Clear Recon Corp became the trustee. However, the SAC lacks the requisite allegations that give Clear Recon Corp. fair notice of what conduct it did to deprive Mr. Bradley of the benefit of the contract and what conduct it did that a reasonable person would not

---

[54] *See Barber v. Nat'l Bank of Alaska*, 815 P.2d 857, 864 (Alaska 1991).

[55] Docket 47 ¶ 58.

[56] Docket 47 at 30. Mr. Bradley's opposition appears to assert breach of fiduciary duty against Clear Recon Corp. and breach of the terms of the Notice of Default and Election to Sell. Docket 53 at 13. The SAC, however, does not allege these claims or facts and the Court will not "look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also supra* p. 7.

Case 1:24-cv-00017-SLG     Document 60     Filed 12/12/25     Page 12 of 25

regard as fair. Because the SAC fails to plead facts that meet the requisite elements, Mr. Bradley's breach of the covenant of good faith and fair dealing claim against Clear Recon Corp. is DISMISSED. However, the Court will grant leave to amend Count II as to Clear Recon Corp. only for Mr. Bradley to attempt to remedy this deficiency.

### Count III - Alaska Unfair Trade Practices and Consumer Protection Act (Against All Defendants)

Alaska's UTPCPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce[.]"[57] To establish a prima facie case of unfair or deceptive acts or practices under the UTPCPA, a plaintiff must prove two elements: "(1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred."[58] "[B]ecause the UTPCPA is a remedial statute, its language should be liberally construed."[59]

Defendants assert that the UTPCPA "does not apply to foreclosure sales, deed of trust assignments, and mortgage servicing."[60] However, as Mr. Bradley correctly notes,[61] the UTPCPA has been amended by the addition of Alaska Stat.

---

[57] Alaska Stat. § 45.50.471.

[58] *Merdes & Merdes, P.C. v. Leisnoi, Inc.*, 410 P.3d 398, 410 (Alaska 2017) (quoting *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1255 (Alaska 2007)).

[59] *Id.* at 410 (quoting *Alaska Tr., LLC v. Bachmeier*, 332 P.3d 1, 10 (Alaska 2014)).

[60] Docket 49 at 7 (citing *AS Alaska Trustee, LLC v. Bachmeier*, 332 P.3d 1 (Alaska 2014)).

[61] Docket 53 at 6.

§ 45.50.471(b)(52) to expressly include violations of Alaska Stat. § 06.60.340, the Mortgage Lending Regulation Act, within the scope of the UTPCPA.

The SAC alleges that "Defendants violated [the UTPCPA] by engaging in unfair and deceptive practices, including misrepresentation and omission of material facts to enforce a void unlawful foreclosure."[62] While the SAC does not specify which provision of Alaska Stat. § 06.60.340 Defendants have allegedly violated, Mr. Bradley's opposition highlights the relevant provisions that form the basis of the UTPCPA claim.[63] There, Mr. Bradley asserts that Defendants "pursue[d] a course of misrepresentation through an agent"[64] by "rel[ying] on documents executed by Angela Paveo, who claimed agency authority without proof"; employed a scheme or device to defraud or mislead[65] "by relying on a chain of assignments and endorsements designed to mislead Plaintiff and the Court regarding their legal authority"; engaged in "unfair or deceptive act[s] or practices"[66] "by recording a corrective gap assignment 13 months after the fact to conceal prior defects and attempting to reframe the chain of title"; and "obtained property by fraud or misrepresentation[,]"[67] "as demonstrated by Defendants'

---

[62] Docket 47 ¶ 14.

[63] *See* Docket 53 at 5–7.

[64] Alaska Stat. § 06.60.340(2).

[65] Alaska Stat. § 06.60.340(3).

[66] Alaska Stat. § 06.60.340(4).

[67] Alaska Stat. § 06.60.340(5).

reliance on fraudulent assignments, the omission of key assignments (such as the MERS-to-New Residential Mortgage LLC transfer) from their Motion to Dismiss, and presenting a manufactured narrative that excludes material facts crucial to determining lawful ownership and authority."[68]

Defendants take issue with Mr. Bradley's assertion that he has "presented detailed allegations, supported by public records, judicially noticed documents, and a clear timeline of misrepresentation and concealment."[69] Defendants maintain that "the documentation outlined in Plaintiff's SAC . . . demonstrate a valid chain of assignments as well as a blank indorsed promissory note" and that the SAC does not identify any conduct that might reasonably be construed as "unfair" or "deceptive."[70]

## A. Scope of the UTPCPA

As a preliminary matter, Alaska Stat. § 45.50.471(b)(52), which extended the UTPCPA's definition of an unfair practice to include violations of Alaska Stat. § 06.60.340, does not apply to Clear Recon Corp. or Aldridge Pite. Alaska Stat. § 06.60.340 regulates the activities of mortgage lenders, mortgage brokers, mortgage loan originators, loan processors, and certain loan underwriters.[71]

---

[68] Docket 53 at 6.

[69] Docket 55 at 2 (quoting Docket 53 at 6).

[70] Docket 55 at 2.

[71] Alaska Stat. § 06.60.340; Alaska Stat. § 06.60.010(a); Alaska Stat. § 06.60.012(a); Alaska Stat. § 06.60.013(a); *see also Alaska Tr., LLC v. Bachmeier*, 332 P.3d 1, 6 (Alaska 2014)

Case 1:24-cv-00017-SLG    Document 60    Filed 12/12/25    Page 15 of 25

Neither Clear Recon Corp., the trustee under the deed of trust, nor Aldridge Pite, counsel to the trustee, is subject to the Mortgage Lending Regulation Act. Therefore, Mr. Bradley cannot state a UTPCPA claim against Clear Recon Corp. or Aldridge Pite based on an alleged violation of Alaska Stat. § 06.60.340. As such, Mr. Bradley's UTPCPA claim against Clear Recon Corp. and Aldridge Pite is DISMISSED. Further, leave to amend this claim as to these Defendants would be futile.

### B. Rule 9(b)

When a plaintiff's UTPCPA claim is "based on allegations that defendants made fraudulent misrepresentations," as it is in this case,[72] the claim is grounded in fraud and must be pled with the particularity required by Federal Rule of Civil Procedure 9(b).[73] Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[74] But the rule also provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[75]

---

(finding that Alaska Stat. § 06.60.340, and therefore Alaska Stat. § 45.50.471(b)(52), does not apply to a trustee for a deed of trust).

[72] *See* Docket 47 at 30.

[73] *See Van v. LLR, Inc.*, 500 F. Supp. 3d 927, 936 (D. Alaska 2020); *see also Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) (applying the heightened pleading requirements set forth in Rule 9(b) to a collection of California consumer protection laws, including California's Unfair Competition Law).

[74] Fed. R. Civ. P. 9(b).

[75] *Id.*

"Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[76] "To meet this standard, [a plaintiff's] complaint must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'"[77]

At its most specific, the SAC alleges that Nationstar violated the UTPCPA when it added fees to the reinstatement quote and instructed Mr. Bradley to "make checks payable to Nationstar but mail them to Aldrige Pite[] or wire the funds to Wells Fargo with Aldridge Pite as the beneficiary."[78] But as Defendants highlight, "*all* of the reasonable costs the beneficiary incurred in pursuing the foreclosure must be repaid,"[79] and the SAC does not allege how and why the payment instructions would constitute a violation of the UTPCPA.

Additionally, the SAC does not otherwise identify when and how Nationstar or Elizon Trust violated the UTPCPA; nor does it allege when and how these Defendants violated the Mortgage Lending Regulation Act. While Mr. Bradley

---

[76] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[77] *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

[78] Docket 47 ¶¶ 91–93.

[79] *Alaska Trustee, LLC v. Bachmeier*, 332 P.3d 1, 4 (Alaska 2014) (emphasis in original) (citing *Albrecht v. Alaska Trustee, LLC*, 286 P.3d 1059, 1063 (Alaska 2012)).

expands upon his UTPCPA theory in his opposition, the Court does not "look beyond the complaint to a plaintiff's moving papers."[80] As such, Mr. Bradley's UTPCPA claim against Nationstar and Elizon Trust is DISMISSED. However, Mr. Bradley will be given leave to amend Count III solely as to these two Defendants to attempt to remedy these deficiencies.

### Count IV - Negligence
### (Against All Defendants)

Mr. Bradley's negligence claim against all Defendants is, in its entirety, as follows: "Defendants failed to exercise reasonable care in managing and transferring Plaintiff's loan, causing significant financial and emotional harm."[81] This allegation does not support Mr. Bradley's negligence claim because, as Defendants highlight,[82] the SAC does not plausibly allege facts that demonstrate each Defendant owed a duty of care to Mr. Bradley, how each Defendant breached that duty, and how that breach caused an injury to Mr. Bradley.[83] Again, Mr. Bradley's expansion of his negligence claim in his opposition does not cure the pleading deficiencies in the SAC.[84] And the opposition still does not address how each Defendant's alleged negligence in managing and transferring Mr. Bradley's

---

[80] *Schneider*, 151 F.3d at 1197 n.1; *see also supra* p. 7.

[81] Docket 47 at 31.

[82] Docket 49 at 13.

[83] *See Regner v. N. Star Volunteer Fire Dep't, Inc.*, 323 P.3d 16, 21 (Alaska 2014) (explaining the elements of negligence under Alaska law).

[84] *Schneider*, 151 F.3d at 1197 n.1; *see also supra* p. 7.

loan documentation proximately caused the foreclosure or otherwise injured Mr. Bradley. As such, Mr. Bradley's negligence claim against all Defendants is DISMISSED. However, Mr. Bradley will be given leave to amend Count IV to attempt to remedy these deficiencies

### Count V - Wrongful Foreclosure
### (Against All Defendants)

When a plaintiff brings a suit based on alleged defects in a foreclosure sale, Alaska courts set aside the sale only if "the process was so inherently 'unfair and unreasonable' that setting aside the sale is necessary to achieve an equitable result."[85] "A sale is set aside only in 'the most unusual circumstances.'"[86] Even when a foreclosure sale fails to comply with relevant statutory provisions, Alaska courts only set aside sales in cases that reach "unjust extremes."[87]

Some defects, such as minor discrepancies in the notice of sale, are "so inconsequential that they render the sale neither void nor voidable."[88] "Only a substantial defect will make a foreclosure sale void, such as lacking a substantive basis to foreclose because, for example, the trustor was not in fact in default at the

---

[85] *Thomas v. Joseph P. Casteel Tr.*, 496 P.3d 403, 406 (Alaska 2021) (quoting *Wendt v. Bank of N.Y. Mellon Trust Co., N.A.*, 487 P.3d 235, 241 (Alaska 2021)).

[86] *Id.* (quoting *Young v. Embley*, 143 P.3d 936, 948 (Alaska 2006)).

[87] *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 596 (Alaska 2005) (quoting *Rosenberg v. Smidt*, 727 P.2d 778, 783 (Alaska 1986)).

[88] *Thomas*, 496 P.3d at 406.

outset."[89] "Defects involving 'the mechanics of exercising the power' to foreclose are not substantial and do not render a sale void."[90] While "defects in the mechanics of the trustee's exercise of the power to foreclose may render the foreclosure sale voidable,"[91] the "sale to a bona fide purchaser prevents an interested party from setting aside a [voidable foreclosure] sale."[92]

The SAC brings a wrongful foreclosure claim against all Defendants and seeks to set aside the foreclosure sale, asserting that the sale, the origination of the loan, and several assignments of the deed of trust are void based on various alleged defects.[93]

The SAC does not allege "the most common basis for finding a void sale: the absence of a default."[94] Instead, the SAC expressly references Mr. Bradley's "default two years" after the execution of the loan modification that triggered the

---

[89] *Id.* (citing *Rosenberg*, 727 P.2d at 783–84).

[90] *Id.* (citing *Rosenberg*, 727 P.2d at 783–84).

[91] *Baskurt v. Beal*, 101 P.3d 1041, 1044 (Alaska 2004).

[92] *Thomas*, 496 P.3d at 406 (citing *Rosenberg*, 727 P.2d at 784).

[93] Docket 47 at 31. Mr. Bradley also asserts in his opposition that his wrongful foreclosure claim is supported by Alaska Stat. § 34.20.070, which "expressly provides statutory protections allowing trustors to challenge wrongful or unlawful foreclosure proceedings." Docket 53 at 7. Defendants acknowledge that this statute creates a right to enjoin a foreclosure but correctly highlight that Mr. Bradley cannot exercise that right here, given that the foreclosure sale has already occurred. Docket 55 at 2.

[94] *Rosenberg*, 727 P.2d at 784 (citing *Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. Civ. App. 1979)).

Case 1:24-cv-00017-SLG     Document 60     Filed 12/12/25     Page 20 of 25

foreclosure.[95] Therefore, the foreclosure sale is not void based on an absence of a default.

The SAC does allege that because United Mortgage Corporation of America was not properly licensed in Alaska to originate loans, any subsequent assignments or transactions regarding the loan and Deed of Trust are void.[96] Even assuming United Mortgage Corporation of America was not properly licensed, the Alaska Supreme Court has not held that a loan originator's licensing defect constitutes a defect so extreme as to be akin to conducting a foreclosure sale where a trustor was not in default. As a matter of law, the foreclosure sale is also not void on this basis.

Additionally, the SAC alleges that the foreclosure sale is void based on a chain of title defect because several assignments of the deed of trust did not refer to the loan modification or the underlying note, demonstrate alleged notarization "irregularities," or are voided by an invalid Corrective Gap Assignment.[97] The SAC also alleges that the loan modification agreement and subsequent transactions are void because the notary erroneously wrote Mr. Bradley's name rather than the notary's own name on the notarization.[98] These minor defects did not impact Mr.

---

[95] Docket 47 ¶ 39.

[96] Docket 47 ¶ 32; Docket 53 at 2–3, 7–8.

[97] *See* Docket 47 ¶¶ 40–41, 42, 44, 46, 63, 65, 68, 73, 76–79.

[98] Docket 47 ¶ 66–67.

Bradley's substantive foreclosure rights and bear no effect on the fairness or reasonableness of the foreclosure sale.[99] As a matter of law, the foreclosure sale is not void on this basis. At most, such a "defect[] in the mechanics of the trustee's exercise of the power to foreclose" would render the foreclosure sale voidable, not void.[100]

Because the SAC does not plead a plausible basis to find the foreclosure sale void, the sale here could only be set aside if the SAC plausibly alleged that the sale was voidable and that the purchaser at the foreclosure sale was not a bona fide purchaser.[101] The SAC, however, does not allege any facts about who the purchaser is or the purchaser's status.

According to the City and Borough of Juneau's Assessor Office Database, Elizon Trust became the owner of the subject property on September 11, 2024.[102] The Court takes judicial notice of this public record, and the wrongful foreclosure

---

[99] The SAC additionally cites to a New York State trial court case, *Wells Fargo Bank, N.A. v. Farmer*, 867 N.Y.S.2d 21 (N.Y. Sup. Ct. 2008), to support the proposition that notarization defects render assignments void. However, not only is *Wells Fargo* based on New York state law, this Court has distinguished *Wells Fargo* from cases where, like here, additional documentation has been provided to show that a party had foreclosure authority. *See Nicdao*, 839 F. Supp. 2d at 1075 n.192. Additionally, the plaintiff in *Wells Fargo* sought an order of reference before a foreclosure sale, whereas here, the foreclosure sale has already occurred and the standard for setting aside a foreclosure sale to a bona fide purchaser is notably more onerous. *See Thomas*, 496 P.3d at 406.

[100] *Baskurt,* 101 P.3d at 1044.

[101] *See, e.g.*, *Rosenberg*, 727 P.2d at 786 (setting aside a voidable foreclosure sale because purchasers could not claim bona fide purchaser status).

[102] *See PARID 5B2501120070 Sales*, City and Borough of Juneau, https://property.juneau.org/search/commonsearch.aspx?mode=realprop.

claim against Clear Recon Corp., Aldridge Pite, and Nationstar—none of whom hold title to the subject property sold at the foreclosure sale[103]—is DISMISSED without leave to amend. Mr. Bradley's wrongful foreclosure claim against Elizon Trust is DISMISSED with leave to amend to accord Mr. Bradley an opportunity to remedy the deficiencies of his claim.

### Count VI – Declaratory Relief
### (Against All Defendants)

Mr. Bradley seeks "a declaration that the foreclosure sale is void due to the defective chain of title and procedural violations."[104] For the same reasons as Count V, Mr. Bradley's claim for declaratory relief is DISMISSED without leave to amend as to Clear Recon Corp., Aldridge Pite, and Nationstar and DISMISSED with leave to amend only as to Elizon Trust.

## LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires."[105] "This policy is to be applied with extreme liberality."[106] The Supreme Court has identified five factors a court should consider when deciding whether to

---

[103] *See Burnett, Waldock & Padgett Invs. v. C.B.S. Realty*, 668 P.2d 819, 823 (Alaska 1983) ("Generally, irregularities in a deed of trust sale render it voidable, not void. In other words, until a sale is set aside, it stands as a valid legal transfer of title.") (internal citations omitted)).

[104] Docket 47 at 31.

[105] Fed. R. Civ. P. 15(a)(2).

[106] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.[107] Of these, "the consideration of prejudice to the opposing party carries the greatest weight."[108] Here, there is no evidence of bad faith, amendment would be unlikely to cause undue delay, no prejudice to Defendants has been shown, and Mr. Bradley has amended only once in federal court.

Further, as discussed above, the Court has found that amendment as to certain claims may not be futile.

## CONCLUSION

Therefore, IT IS ORDERED that Defendants' Joint Motion to Dismiss the Second Amended Complaint at Docket 49 is **GRANTED** as follows:

- Count I is **DISMISSED** with leave to amend.

- Count II is **DISMISSED** with leave to amend as to Clear Recon Corp and **DISMISSED** without leave to amend as to Nationstar and Aldridge Pite.

- Count III is **DISMISSED** with leave to amend only as to Nationstar and Elizon Trust and **DISMISSED** without leave to amend as to all other

---

[107] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[108] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend)).

Case No 1:24-cv-00017-SLG
Order on Motion to Dismiss and Requests for Judicial Notice
Page 24 of 25
Case 1:24-cv-00017-SLG    Document 60    Filed 12/12/25    Page 24 of 25

Defendants.

- Count IV is **DISMISSED** with leave to amend.

- Count V is **DISMISSED** with leave to amend only as to Elizon Trust and **DISMISSED** without leave to amend as to all other Defendants.

- Count VI is **DISMISSED** with leave to amend only as to Elizon Trust and **DISMISSED** without leave to amend as to all other Defendants.

Mr. Bradley may file a Third Amended Complaint ("TAC") within 30 days of the date of this order. Failure to file a TAC by that date will be deemed a decision by Mr. Bradley to stand upon the existing allegations and the Court will then dismiss this action for failure to state a claim.

Defendants shall file an Answer or otherwise respond to the TAC within 21 days of the date of the TAC.[109]

DATED this 12th day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[109] Fed. R. Civ. P. 12(1)(A)(i).