**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TIMOTHY BRADLEY,<br><br>Plaintiff,<br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER AND RUSHMORE SERVICING, *et al*.,<br><br>Defendants. | Case No. 1:24-cv-00017-SLG |

**ORDER ON MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Before the Court at Docket 62 is the Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and Rushmore Servicing ("Nationstar") and Elizon Master Participation Trust I, U.S. Bank Trust National Association ("Elizon Trust"). Defendants Aldridge Pite, LLP and Clear Recon Corp filed a notice of joinder to the motion to dismiss at Docket 63. Self-represented Plaintiff Timothy Bradley responded in opposition at Docket 64, to which Nationstar and Elizon Trust replied at Docket 65. Oral argument on the motion was not requested and was not necessary for the Court's determination.

Also before the Court at Docket 66 is Nationstar and Elizon Trust's Request for Ruling, which states that "[b]riefing has been complete for approximately five

months and is ripe for this Court to rule."[1] In light of the Court's resolution of the pending motion to dismiss in this order, the Request for Ruling is **GRANTED**.

## BACKGROUND

The Court assumes the reader's familiarity with the factual background set forth in its prior order at Docket 60. The Court briefly summarizes the allegations in Mr. Bradley's Third Amended Complaint ("TAC") and the judicially noticed documents relevant to the present motion before turning to the procedural history of the case.[2]

In August 2005, Mr. Bradley obtained a $181,000.00 loan to purchase property in Juneau, Alaska ("the Property") as evidenced by a promissory note[3] and a Deed of Trust.[4] On August 7, 2023, Clear Recon Corp, the then-trustee under the Deed of Trust, issued a Notice of Default and Election to Sell Under Deed of Trust due to Mr. Bradley's alleged failure to pay the October 2022

---

[1] Docket 66 at 2.

[2] Mr. Bradley asserts that "Defendants' motion improperly relies on factual assertions of 'default' that are entirely absent from" the TAC and that because "the Court's review is strictly limited to the allegations in the complaint," the Court must either "exclude those assertions or convert this motion to one for summary judgment" to "allow[] Plaintiff the opportunity for discovery." Docket 64 at 3. However, the TAC references and attaches the August 2023 Notice of Default, of which the Court has also previously taken judicial notice. Docket 61 at 11, ¶ 58; Docket 61-11; Docket 60 at 1-2; Docket 50-1 at 45-46. More fundamentally, the Court need not determine whether Mr. Bradley was in fact in default. The TAC does not allege that the default identified in the Notice did not occur or otherwise plead the absence of default as a basis for setting aside the foreclosure sale. Because Mr. Bradley bears the burden of pleading facts supporting his claim, the Court does not consider the absence of default as a basis for relief.

[3] Docket 12-15 (Note).

[4] Docket 12-17 at 1 (Deed of Trust); Docket 50-1 at 2-12; *see also* Docket 61 at 4-5, ¶¶ 15, 18.

installment and subsequent installments of his loan.[5] On June 17, 2024, the Deed of Trust was assigned to Elizon Trust.[6]

On August 30, 2024, Mr. Bradley initiated this action in the Superior Court for the State of Alaska against Defendants Clear Recon Corp, the trustee of the deed of trust at the time of the foreclosure; Elizon Trust, the beneficiary, Nationstar, the loan servicer; and Aldridge Pite, Nationstar and Clear Recon Corp's counsel at the time of the foreclosure.[7] Mr. Bradley sought an injunction preventing the foreclosure sale on the Property, a declaratory judgment quieting title, and damages.[8] Mr. Bradley alleges that he immediately mailed copies of the Complaint to Defendants and that Elizon Trust received the Complaint on September 3, two days before the foreclosure sale.[9]

On September 5, 2024, Clear Recon Corp conducted the foreclosure sale of the Property.[10] Several hours after the sale, the Alaska Superior Court issued

[5] Docket 12-4 (Notice of Default and Election to Sell under Deed of Trust); Docket 50-1 at 45-46; *see also* Docket 61 at 9, ¶ 41.

[6] Docket 12-13 (June 17, 2024, Assignment of Deed of Trust); Docket 50-1 at 39-40; *see also* Docket 61 at 10, ¶ 50.

[7] Docket 2-1; Docket 61 at 9, ¶ 45.

[8] Docket 61 at 9, ¶ 46; Docket 2-1 at 3-24.

[9] Docket 61 at 9-10, ¶¶ 45-48.

[10] Docket 61 at 9, ¶¶ 41-43; *see* Docket 61-12.

a Temporary Restraining Order ("TRO") intended to halt the sale.[11] On September 10, 2024, Mr. Bradley filed his First Amended Complaint ("FAC") in state court.[12]

On October 8, 2024, Aldridge Pite, Nationstar, and Clear Recon Corp removed the state court action to this Court.[13] On the same day, Elizon Trust filed a notice of consent to the removal.[14] On October 15, 2024, Mr. Bradley filed a Motion to Remand,[15] which the Court eventually denied.[16]

On October 24, 2024, Elizon Trust moved to dismiss the FAC;[17] Aldridge Pite and Clear Recon Corp joined the motion.[18] Mr. Bradley did not file a response to the motion. Instead, on November 21, 2024, Mr. Bradley moved for leave to file a Second Amended Complaint ("SAC"), which he indicated was "prompted" by the motion to dismiss.[19] On December 2, 2024, the Court granted the motion to dismiss the FAC without prejudice to Mr. Bradley's motion for leave to file a second amended complaint.[20] On February 12, 2025, the Court denied Mr. Bradley's

[11] Docket 38 at 3, ¶ 8; Docket 42 at 2.

[12] Docket 17-7.

[13] Docket 2.

[14] Docket 5.

[15] Docket 9.

[16] Docket 26 at 4.

[17] Docket 14.

[18] Docket 15.

[19] Docket 24 at 2.

[20] Docket 26 at 6.

motion for leave to file a SAC without prejudice for failure to comply with Local Civil Rule 15.1(a).[21]

On March 20, 2025, Mr. Bradley filed a Notice of Filing Proposed Second Amended Complaint.[22] On April 25, 2025, the Court directed Mr. Bradley to file a clean copy of the SAC without any of the strike-through or underlining markings,[23] and Mr. Bradley did so on May 6, 2025.[24]

The SAC alleged six counts: breach of contract against Clear Recon Corp and Elizon Trust,[25] breach of the covenant of good faith and fair dealing against Nationstar, Aldridge Pite, and Clear Recon Corp,[26] and violations of the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA"),[27] negligence,[28] wrongful foreclosure,[29] and declaratory relief against all Defendants.[30] As relief, Mr. Bradley sought a declaratory judgment that the foreclosure sale conducted by Defendants was unlawful and void, equitable relief in the form of rescission of the

---

[21] Docket 42 at 1.

[22] Docket 43.

[23] Docket 46 at 13.

[24] Docket 47.

[25] Docket 47 at 30.

[26] Docket 47 at 30.

[27] Docket 47 at 30.

[28] Docket 47 at 31.

[29] Docket 47 at 31.

[30] Docket 47 at 31.

foreclosure sale and restoration of legal title, and damages for any fraud, negligence, or bad faith by Defendants.[31]

On May 20, 2025, Defendants jointly moved to dismiss the SAC.[32] On December 12, 2025, the Court granted the motion to dismiss the SAC but granted leave to amend certain claims against certain Defendants.[33]

On January 12, 2026, Mr. Bradley filed his TAC.[34] Defendants moved to dismiss the TAC on February 2, 2026.[35]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[37]

---

[31] Docket 47 at 31.

[32] Docket 49.

[33] Docket 60.

[34] Docket 61.

[35] Docket 62.

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[37] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

When deciding a Rule 12(b)(6) motion, a court considers only the operative complaint, materials incorporated into the complaint by reference, and matters on which a court has taken judicial notice.[38] "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."[39] "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[40]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[41] "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."[42]

The Court's "'discretion to deny leave to amend is particularly broad where the plaintiff has previously amended the complaint.'"[43] A plaintiff's repeated failure

---

[38] *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007)).

[39] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

[40] *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) (citations omitted).

[41] Fed. R. Civ. P. 15(a)(2).

[42] *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

[43] *S.F. Herring Ass'n v. Dep't of the Interior,* 946 F.3d 564, 582 (9th Cir. 2019) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also Williams v. California,* 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile.").

to cure a complaint's deficiencies constitutes “a strong indication that the [plaintiff has] no additional facts to plead” and “any attempt to amend would be futile.”[44]

When sitting in diversity, federal courts apply state substantive law and federal procedural law.[45]

## DISCUSSION

The TAC alleges four counts. Count I alleges that Clear Recon Corp and Elizon Trust breached Sections 15 and 16 of the Deed of Trust.[46] Count II alleges wrongful foreclosure against Elizon Trust.[47] Count III alleges that Clear Recon Corp violated the covenant of good faith and fair dealing by “proceeding with the foreclosure despite knowledge of the lawsuit” and “recording the Trustee’s Deed with false representations.”[48] Count IV, alleged against Elizon Trust, seeks declaratory relief that “the foreclosure sale is void or voidable,” that Elizon Trust “was not a bona fide purchaser,” that it lacked the authority to invoke the power of sale, and that legal title to the Property should be restored to Plaintiff.[49]

The TAC does not assert any cause of action against Nationstar or Aldridge

[44] *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009) (citation and quotation marks omitted).

[45] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[46] Docket 61 at 11-13, ¶¶ 54-69.

[47] Docket 61 at 14-15, ¶¶ 71-81.

[48] Docket 61 at 15-17, ¶¶ 82-93.

[49] Docket 61 at 17-18, ¶¶ 94-102.

Pite. Those two Defendants are therefore DISMISSED from this action.

**Count I - Breach of Contract**
**(Against Clear Recon Corp and Elizon Trust)**

Count I alleges that Clear Recon Corp and Elizon Trust breached Section 15 of the Deed of Trust by proceeding with the foreclosure after receiving notice of Mr. Bradley's lawsuit, rather than "paus[ing] the sale" and "investigat[ing]" Mr. Bradley's challenge.[50] The TAC also alleges that Clear Recon Corp and Elizon Trust breached Section 16 of the Deed of Trust by failing to comply with laws allegedly incorporated into the contract through Section 16's governing law provision.[51]

Clear Recon Corp and Elizon Trust move to dismiss this count; they contend that the Deed of Trust imposed no obligation to pause the foreclosure or investigate Mr. Bradley's challenge and that, "[a]bsent a court order, Defendants had no obligation to halt the sale."[52] Clear Recon Corp also asserts that, as trustee, it had no contractual relationship with Mr. Bradley.[53] Mr. Bradley responds that Elizon Trust breached the Deed of Trust when it "proceeded with [the] foreclosure sale despite actual and constructive notice of Plaintiff's challenge to its

[50] Docket 61 at 12, ¶ 61.

[51] Docket 61 at 12, ¶ 62.

[52] Docket 62 at 5.

[53] Docket 63 at 1-2.

authority to enforce the Note."[54] As to Clear Recon Corp, Mr. Bradley asserts that it failed to make "any substantive argument directed at the breach of contract claim asserted against it."[55]

Under Alaska law, a breach of contract claim requires "proof of the existence of a contract, breach, and damages."[56] To determine whether a party has breached a contract, Alaska courts look to the specific contract provision that is alleged to have been breached.[57] Here, even assuming that Elizon Trust and Clear Recon Corp were bound by the Deed of Trust, Mr. Bradley has not plausibly alleged that either Defendant breached any provision in the Deed of Trust.

Mr. Bradley's TAC first relies on Section 15 of the Deed of Trust, which governs notices given "by Borrower or Lender in connection with" the Deed of Trust.[58] Section 15 specifies that all notices "must be in writing," identifies the addresses to which they must be sent, and explains when they are deemed received.[59] However, as Defendants note, nothing in Section 15 provides that receipt of notice concerning a borrower's legal challenge to a foreclosure sale

---

[54] Docket 64 at 4.

[55] Docket 64 at 4.

[56] *Societe Fin., LLC v. MJ Corp.*, 542 P.3d 1159, 1166 (Alaska 2024).

[57] *See id.* at 1167; *see also Johnson v. Albin Carlson & Co.*, 569 P.3d 1178, 1192 (Alaska 2025); *Guy v. Providence Health & Servs. Wash.*, 502 P.3d 13, 19 (Alaska 2022).

[58] Docket 61 at 11, ¶ 57; Docket 61-3 at 9.

[59] Docket 61-3 at 9.

requires the lender or the trustee to investigate that challenge, suspend the foreclosure, or otherwise refrain from exercising the power of sale.[60]

Mr. Bradley's TAC next relies on the Notice of Default's statement that a person seeking to challenge the foreclosure could "fil[e] an action to restrain the same" and "be heard."[61] According to Mr. Bradley, this language "constitutes a contractual term," which he invoked by filing the state court action before the sale.[62] But the language in the Notice of Default only notified Mr. Bradley that he could bring a lawsuit seeking to restrain the sale. It did not state that the filing of such an action would itself stay the foreclosure. And as Mr. Bradley has acknowledged in prior filings, although he filed suit before the sale, the state court did not enter a temporary restraining order until several hours after the sale had occurred.[63] The TAC therefore does not allege that either Elizon Trust or Clear Recon Corp proceeded with the sale in violation of a court order restraining the sale.[64]

Mr. Bradley's TAC also cites to Section 16 of the Deed of Trust, which states that the Deed of Trust "shall be governed by federal law and the law of the jurisdiction in which the Property is located" and that the parties' contractual rights

---

[60] Docket 62 at 5.

[61] Docket 61 at 11, ¶ 58; *see also* Docket 61-11 at 3.

[62] Docket 61 at 11, ¶ 58.

[63] Docket 38 at 3, ¶ 8; Docket 42 at 2.

[64] *Cf. Compton v. Chatanika Gold Camp Props.*, 988 P.2d 598, 603 (Alaska 1999) (holding a foreclosure sale void when conducted in violation of an existing bankruptcy stay).

and obligations “are subject to any requirements and limitations of Applicable Law.”[65] Mr. Bradley alleges that this provision incorporates the Uniform Commercial Code, Alaska’s foreclosure statutes, the Truth in Lending Act (“TILA”), the Real Estate Settlement Procedures Act (“RESPA”), and the Fair Debt Collection Practices Act (“FDCPA”) into the Deed of Trust and requires “any party asserting authority under the Deed of Trust” to comply with those laws.[66] But Section 16 is a governing law provision. It identifies the law applicable to the agreement and recognizes that the parties’ contractual rights remain subject to legal limitations. It does not transform every alleged statutory violation into a breach of contract or make each statute “part of the contractual framework,” as Mr. Bradley alleges.[67] And, as Defendants observe, Mr. Bradley may not “re-insert” the TILA, RESPA, and FDCPA claims that the Court previously dismissed without leave to amend by recasting them as part of a breach of contract claim.[68]

In his opposition brief, Mr. Bradley broadly asserts that Defendants breached the Deed of Trust by exercising foreclosure rights “without lawful enforcement authority.”[69] Defendants reply that Mr. Bradley still “fails to identify any contractual provision” that Defendants breached and that this omission is “fatal

[65] Docket 61 at 11-12, ¶¶ 59-60; Docket 61-3 at 9.

[66] Docket 61 at 11-12, ¶¶ 59-60.

[67] Docket 61 at 11, ¶ 60.

[68] Docket 62 at 5.

[69] Docket 64 at 4.

to his claim."[70] While the assertion that Defendants lacked the authority to enforce the Note may bear on Mr. Bradley's claim that the foreclosure was invalid, a breach of contract claim requires Mr. Bradley to identify a promise contained in the Deed of Trust made by Clear Recon Corp or Elizon Trust that each Defendant failed to perform. Because none of the provisions on which Mr. Bradley relies required these Defendants to "pause the sale," "investigate the claim of lack of standing," or refrain from the foreclosure sale because Mr. Bradley had filed suit, he has not plausibly alleged a breach of contract claim.[71]

Based on the foregoing, Count I is dismissed. Because the Court previously afforded Mr. Bradley an opportunity to cure the deficiencies in his contract claim and the TAC again fails to plausibly allege a contractual obligation that Defendants violated, the Court finds that granting leave to permit further amendment would be futile and prejudicial to Defendants. Count I is therefore dismissed with prejudice.

**Count II - Wrongful Foreclosure**
**(Against Elizon Trust)**

Count II alleges that Elizon Trust wrongfully foreclosed because it lacked the authority to enforce the Note and was not a bona fide purchaser.[72] The TAC alleges that Elizon Trust could not qualify as a bona fide purchaser because it

[70] Docket 65 at 3.

[71] Docket 61 at 12, ¶ 61.

[72] Docket 61 at 14-15, ¶¶ 71-81.

"already held an interest in the [P]roperty" as the assignee of the Deed of Trust, provided no consideration, and had notice of Mr. Bradley's pending lawsuit.[73] The TAC further alleges that the Trustee's Deed falsely represented that Elizon Trust purchased the Property as the highest bidder for value and that no action was pending at the time of the sale.[74]

Alaska courts set aside a foreclosure sale only if "the process was so inherently 'unfair and unreasonable' that setting aside the sale is necessary to achieve an equitable result."[75] "A sale is set aside only in 'the most unusual circumstances'"[76] that reach "unjust extremes."[77] "Only a substantial defect will make a foreclosure sale void, such as lacking a substantive basis to foreclose because, for example, the trustor was not in fact in default at the outset."[78] "Defects involving 'the mechanics of exercising the power' to foreclose are not substantial and do not render a sale void."[79] While "defects in the mechanics of the trustee's exercise of the power to foreclose may render the

[73] Docket 61 at 14-15, ¶¶ 75-79.

[74] Docket 61 at 14, ¶¶ 76-77.

[75] *Thomas v. Joseph P. Casteel Tr.*, 496 P.3d 403, 406 (Alaska 2021) (quoting *Wendt v. Bank of N.Y. Mellon Tr. Co., N.A.*, 487 P.3d 235, 241 (Alaska 2021)).

[76] *Id.* (quoting *Young v. Embley*, 143 P.3d 936, 948 (Alaska 2006)).

[77] *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 596 (Alaska 2005) (quoting *Rosenberg v. Smidt*, 727 P.2d 778, 783 (Alaska 1986)).

[78] *Thomas*, 496 P.3d at 406 (citing *Rosenberg*, 727 P.2d at 783-84).

[79] *Id.* (citing *Rosenberg*, 727 P.2d at 783-84).

foreclosure sale voidable,"[80] the "sale to a bona fide purchaser prevents an interested party from setting aside a [voidable foreclosure] sale."[81]

The TAC does not allege "the most common basis for finding a void sale: the absence of a default."[82] Instead, Mr. Bradley challenges Elizon Trust's authority to enforce the Note based on three allegedly inconsistent versions of the Note; assignments that transferred only the Deed of Trust; an unauthorized loan modification; and a Corrective Gap Assignment allegedly created to "patch over" defects in the recorded chain of title.[83] The prior SAC similarly alleged omissions from the recorded assignments, notarization irregularities, and the allegedly invalid Corrective Gap Assignment as substantive defects rendering the foreclosure sale void.[84] In dismissing the SAC's wrongful foreclosure claim, the Court concluded that the alleged defects neither affected Mr. Bradley's substantive foreclosure rights nor bore on the fairness or reasonableness of the sale.[85] Those allegations therefore established neither a substantive defect rendering the sale void nor a procedural defect rendering it voidable, and the Court does not revisit them here.

---

[80] *Baskurt v. Beal*, 101 P.3d 1041, 1044 (Alaska 2004).

[81] *Thomas*, 496 P.3d at 406 (citing *Rosenberg*, 727 P.2d at 784).

[82] *Rosenberg*, 727 P.2d at 784 (citing *Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. Civ. App. 1979)). *See also supra* n.2.

[83] Docket 61 at 4-9, ¶¶ 16-39.

[84] Docket 47 at 7-11, 16-19, ¶¶ 33, 37-45, 64-77.

[85] Docket 60 at 21-22.

The TAC's remaining allegations fall into two categories: alleged substantive defects concerning Elizon Trust's authority to foreclose, which could render the sale void, and alleged procedural defects concerning the manner in which the foreclosure was conducted, which could render the sale voidable.

As to the substantive defects, Mr. Bradley alleges that three inconsistent versions of the Note cast doubt on its authenticity and Elizon Trust's authority to enforce it.[86] Although the copies contain different cover pages and physical markings,[87] the TAC does not allege that those differences affect the Note's terms or endorsements. Further, the Note and allonge attached to the TAC show that the Note was first specially endorsed to Flagstar Bank and then endorsed in blank.[88] Under AS 45.03.205(b), "[w]hen endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed." The absence of an endorsement specifically naming J.P. Morgan or Elizon Trust therefore does not establish that the Note could not be transferred beyond Flagstar Bank.

The TAC also alleges that New Residential Mortgage and LoanCare lacked authority to execute the loan modification. But even assuming those allegations are true, the TAC does not explain how an unauthorized modification extinguished

---

[86] Docket 61 at 4-6, ¶¶ 16-22.

[87] Docket 61 at 4, ¶¶ 16-17.

[88] Docket 61-2 at 7, 11.

the original Note or precluded its later enforcement. These allegations therefore do not plausibly establish a substantive defect rendering the foreclosure sale void.

As to the procedural defects, the TAC alleges that Elizon Trust received its assignment after Clear Recon Corp had issued the Notice of Default and asserts that this chronology "creates a factual dispute regarding enforcement authority at inception."[89] But Mr. Bradley identifies no authority holding that an assignment after a Notice of Default but before a sale invalidates a foreclosure initiated by the assignor. And as Defendants highlight, the timing of that assignment does not show that "the procedure followed . . . inherently rendered the sale unfair and unreasonable."[90]

Mr. Bradley also alleges that the Trustee's Deed falsely stated that Elizon Trust purchased the Property as the highest bidder for value and that "there was 'no action pending'" against the Property.[91] But the Trustee's Deed recites consideration of $143,117.39,[92] and the TAC alleges no plausible facts showing that the stated consideration was fictitious or that Elizon Trust was not owed this amount on the Note at the time of the foreclosure sale.[93] The absence of a

---

[89] Docket 64 at 5.

[90] Docket 65 at 3 (quoting *Cook Schuhmann & Groseclose, Inc.*, 116 P.3d at 596).

[91] Docket 61 at 14-15, ¶¶ 76-79.

[92] Docket 61-12 at 3.

[93] The August 2023 Notice of Default stated a payoff amount of $127,724.22, which is $15,393.17 less than the consideration recited in the September 2024 Trustee's Deed. Docket 61-11 at 2. But the Notice stated that the payoff amount was "good through" August 7, 2023, that the sale would satisfy the obligation "together with all accrued interest and all costs and

competing bid likewise does not make the recital false. Further, the Trustee's Deed stated only that no action was pending "on an obligation secured by the Deed of Trust" or "to foreclose a lien or other encumbrance" on the Property.[94] Mr. Bradley's initiation of this action in state court did neither. As such, neither allegation plausibly establishes that the foreclosure process was unfair or unreasonable or that the sale was otherwise voidable.

The TAC separately alleges that the foreclosure should be set aside because Elizon Trust was not a bona fide purchaser.[95] However, bona fide purchaser status becomes relevant only when a defect in the foreclosure process has first rendered the sale voidable.[96] Because the TAC does not plausibly allege an underlying defect rendering the foreclosure sale voidable, the Court need not determine whether Elizon Trust otherwise qualified as a bona fide purchaser.

For the foregoing reasons, the TAC does not plausibly allege either a substantive defect rendering the foreclosure sale void or a procedural defect rendering it voidable. Accordingly, Count II is dismissed. Having already afforded Mr. Bradley an opportunity to cure this claim, the Court concludes that further

---

expenses," and that the beneficiary could make an "offset bid at sale without cash." Docket 61-11 at 2-3. The later bid amount therefore is not facially inconsistent with the earlier payoff amount and does not plausibly show that the Trustee's Deed falsely recited that Elizon Trust provided consideration for the Property.

[94] Docket 61-12 at 3.

[95] Docket 61 at 14-15, ¶¶ 75-79.

[96] *See Thomas*, 496 P.3d at 406.

amendment would be futile and prejudicial to Defendants. Therefore, Count II is dismissed with prejudice.

**Count III - Breach of the Covenant of Good Faith and Fair Dealing (Against Clear Recon Corp)**

Count III alleges that Clear Recon Corp breached the implied covenant of good faith and fair dealing by proceeding with the foreclosure after receiving notice of Mr. Bradley's state court action and then recording a Trustee's Deed containing allegedly false representations.[97] Clear Recon Corp contends that no covenant applies because it had "no contractual relationship" with Mr. Bradley.[98] Mr. Bradley responds that Clear Recon Corp assumed the Deed of Trust's "powers and duties" when it accepted appointment as substitute trustee.[99] The Court previously determined that Clear Recon Corp became a party to the Deed of Trust when it was appointed substitute trustee on July 20, 2023, and therefore declines to revisit that issue.[100]

Under Alaska law, every contract includes an implied covenant of good faith and fair dealing intended "to effectuate the reasonable expectations of the parties to the agreement, not to alter those expectations."[101] The covenant has a

---

[97] Docket 61 at 15-17, ¶¶ 82-93.

[98] Docket 63 at 1-2.

[99] Docket 64 at 7.

[100] Docket 60 at 12.

[101] *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997); *see also Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 992 (Alaska 2009).

subjective element that "prohibits one party from acting to deprive the other of the benefit of the contract," and an objective element that requires conduct "that a reasonable person would regard as fair."[102] However, the covenant "cannot be interpreted to prohibit what is expressly permitted by" the contract[103] and does not "create a duty where one does not exist."[104]

As explained above, neither the Deed of Trust nor the Notice of Default required Clear Recon Corp to halt the foreclosure merely because Mr. Bradley notified Clear Recon Corp that he had filed a lawsuit, and the filing of that lawsuit did not render the Trustee's Deed's recital false. Clear Recon Corp's "dut[y] of impartiality" also did not independently require it to suspend an otherwise authorized sale in the absence of a court order restraining the foreclosure.[105]

Based on the foregoing, the Court finds that the TAC does not plausibly allege that Clear Recon Corp breached the covenant of good faith and fair dealing. Accordingly, Count III is dismissed. Because the Court previously afforded Mr. Bradley an opportunity to cure this claim, further amendment would be futile and prejudicial to Defendants. Therefore, Count III is dismissed with prejudice.

---

[102] *Anchorage Chrysler Ctr., Inc.*, 221 P.3d at 992.

[103] *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1068 (D. Alaska 2012) (quoting *Ramsey*, 936 P.2d at 133).

[104] *Casey v. Semco Energy, Inc.*, 92 P.3d 379, 385 (Alaska 2004) (quoting *Lorenz v. CSX Corp.*, 736 F. Supp. 650, 656 (W.D. Pa. 1990)).

[105] Docket 64 at 7; *McHugh v. Church*, 583 P.2d 210, 214 (Alaska 1978).

## Count IV - Declaratory Relief
## (Against Elizon Trust)

Count IV seeks declarations that the foreclosure sale is "void or voidable," that Elizon Trust "was not a bona fide purchaser," that Elizon Trust lacked authority to invoke the power of sale, and that the Trustee's Deed is invalid and title should be restored to Mr. Bradley.[106] The Declaratory Judgment Act "does not create an independent cause of action" and provides an affirmative remedy only when another cause of action exists.[107] For the same reasons that this Court has dismissed Count II, the Court finds that Mr. Bradley has not plausibly alleged a viable underlying claim entitling him to the declaratory relief he seeks—the restoration of title to him. Further, allowing further amendment would be futile and prejudicial to Defendants. Accordingly, Count IV is DISMISSED with prejudice.

## Leave to Amend

Rule 15 provides that leave to amend should be freely granted when justice so requires, but leave may be denied based on futility, repeated failure to cure deficiencies through prior amendments, or undue prejudice to the opposing party.[108] Here, Mr. Bradley has amended his complaint three times since he first filed this action in 2024, including after the Court's prior order identified the

---

[106] Docket 61 at 17-18, ¶¶ 94-102.

[107] *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878-79 (9th Cir. 2022).

[108] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

deficiencies in the SAC and permitted another amendment. The TAC provides a detailed statement of Mr. Bradley's claims and the factual theories supporting them but as explained above, he has failed to state any viable claim for relief. Further factual elaboration would not cure this legal deficiency, and the Court finds that further amendment would therefore be futile.

Further amendment would also prolong the parties' dispute over possession and title to the Property. Elizon Trust acquired record title through the foreclosure sale two years ago, but Mr. Bradley continues to reside at the Property while he seeks rescission of the sale and restoration of title.[109] Given the clear prejudice to Elizon Trust, the Court finds that an additional opportunity for amendment is not warranted.

## CONCLUSION

Therefore, IT IS ORDERED that Defendants' Request for Ruling at Docket 66 and Motion to Dismiss the Third Amended Complaint at Docket 62 are each **GRANTED**. The Third Amended Complaint is **DISMISSED** with prejudice. The Clerk of Court shall enter final judgment for all Defendants accordingly and close this case.

DATED this 8th day of September, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

[109] Docket 62 at 8.